DENBOER v LAKOLA MEDICAL CONTROL AUTHORITY
DENBOER v DEPARTMENT OF PUBLIC HEALTH

Docket Nos. 210284, 212594. Submitted January 4, 2000, at Grand Rapids. Decided April 14, 2000, at 9:05 A.M.

Tom DenBoer's privilege to practice emergency medical services (EMS) as a paramedic in the Lakola Medical Control Region was suspended by the Lakola Medical Control Authority for violations of protocol. DenBoer appealed the suspension to the Department of Public Health (DPH), now the Department of Consumer and Industry Services. The DPH upheld the suspension. DenBoer appealed the decision of the DPH in the Osceola Circuit Court. DenBoer also brought an action in the Osceola Circuit Court against the medical control authority and others, seeking the reinstatement of the suspended privilege. In the matter involving the administrative decision, the court, Lawrence C. Root, J., reversed the decision of the DPH, determining that local medical control authorities lack the authority to revoke a paramedic's privilege to practice in their local geographic area. In DenBoer's action, Judge Root granted summary disposition for the Lakola Medical Control Authority, Osceola County, and Troy Bowling (director of Osceola County EMS). The DPH appealed by leave granted the reversal of its decision to uphold the suspension, and DenBoer appealed by leave granted the order of summary disposition for the medical control authority and others. The appeals were consolidated.

The Court of Appeals *held*:

The statewide EMS system is governed by the local medical control authorities, which are organized and administered by local hospitals within each geographical region. MCL 333.20918(1), (2); MSA 14.15(20918)(1), (2). Each person licensed under the EMS act, MCL 333.20901 *et seq.*; MSA 14.15(20901) *et seq.*, is accountable to their local medical control authority in the provision of emergency medical services. MCL 333.20918(6); MSA 14.15(20918)(6). The medical control authorities have statutory power and authority to supervise EMS, MCL 333.20906(4), (5); MSA 14.15(20906)(4), (5), and to govern the practice of licensed medical services personnel such as DenBoer. MCL 333.20919; MSA 14.15(20919).

Circuit court reversal of DPH decision reversed and grant of summary disposition affirmed.

HEALTH — EMERGENCY MEDICAL SERVICES — LOCAL MEDICAL CONTROL AUTHORITIES — PARAMEDICS.

The power and authority of a local medical control authority to supervise emergency medical services in its geographic region include the power and authority to suspend a paramedic's privilege to practice within the region (MCL 333.20906[4], [5], 333.20918[1], [2], [6], 333.20919, 333.20950; MSA 14.15[20906][4], [5], 14.15[20918][1], [2], [6], 14.15[20919], 14.15[20950]).

*Eric D. Williams*, for Tom DenBoer.

*Varnum, Riddering, Schmidt & Howlett LLP* (by *Joseph J. Vogan*), for Lakola Medical Control Authority.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *R. Philip Brown*, Assistant Attorney General, for Department of Public Health.

*Cummings, McClorey, Davis, Acho & Tremp, P.C.* (by *Catherine D. Jasinski*), for Troy Bowling and Osceola County.

Before: SAWYER, P.J., and GRIBBS and MCDONALD, JJ.

GRIBBS, J. This matter has been consolidated on appeal. In Docket No. 210284, defendant Michigan Department of Public Health[1] appeals by leave granted the circuit court judgment for plaintiff Tom DenBoer in this administrative agency appeal. In Docket No. 212594, plaintiff Tom DenBoer appeals by leave granted the circuit court order granting defend-

---

[1] Now the Department of Consumer and Industry Services, see Executive Order 1996-1, but referred to as the Department of Public Health for purposes of this appeal.

ants Lakola Medical Control Authority, Osceola County, and Troy Bowling partial summary disposition. We affirm in part and reverse in part.

This case arises out of the permanent suspension of plaintiff's privilege to practice "pre-hospital" (i.e., paramedic) care within the Lakola Medical Control Region. The region is made up of Lake and Osceola Counties. Plaintiff's privilege to practice in the Lakola region was suspended after the Lakola Medical Control Authority (Lakola MCA) determined that plaintiff, working as a paramedic, had violated protocol on several emergency ambulance "runs." Plaintiff's suspension was affirmed by the Lakola MCA board following an arbitration hearing. As provided by statute, plaintiff appealed to defendant Michigan Department of Public Health (DPH) for a "variance from the medical control authority's decision" pursuant to § 20919 of the Public Health Code. After conducting a review under MCL 333.20919; MSA 14.15(20919), defendant DPH refused to grant a variance and affirmed the Lakola MCA's decision. On appeal to the circuit court, the agency's decision was reversed after the circuit court concluded that local medical control authorities (MCAs) lack the authority to revoke a paramedic's privilege to practice in their local geographic area.

In Docket No. 210284, defendant DPH contends on appeal that the trial court erred in this conclusion. We agree. This Court reviews de novo questions of law that involve statutory interpretation. *Rose Hill Center, Inc v Holly Twp*, 224 Mich App 28, 32; 568 NW2d 332 (1997).

The statewide emergency medical services system is governed by local MCAs, which are organized and administered by local hospitals within each geo-

graphic region. MCL 333.20918(1), (2); MSA 14.15(20918)(1), (2). Each person licensed under the emergency medical services act, MCL 333.20901 *et seq.*; MSA 14.15(20901) *et seq.*, is accountable to their local MCA in the provision of emergency medical services. MCL 333.20918(6); MSA 14.15(20918)(6). Plaintiff is licensed as a paramedic under the act. MCL 333.20950; MSA 14.15(20950). The MCAs have statutory power and authority to supervise emergency medical services, MCL 333.20906(4), (5); MSA 14.15(20906)(4), (5), and to govern the practice of licensed medical services personnel such as plaintiff. MCL 333.20919; MSA 14.15(20919).

The trial court ruled that defendant DPH could not "ignore" certain administrative rules that were promulgated under a previous statutory scheme.[2] Rules in effect before the amendment "continue, to the extent that they do not conflict" with the amended statute. See MCL 333.20977; MSA 14.15(20977). The trial court concluded that there was no express conflict between the previous rules and the act as amended in 1990. We disagree. While the previous rules suggested that a local MCA's authority was limited to the encouragement of a paramedic's "voluntary compliance," the 1990 amendments purposely expanded the authority of the MCAs over emergency services personnel.

Although the trial court concluded that it is "inconceivable" that the Legislature actually intended to

---

[2] For example, Rules 706 and 707 (1984 AACS, R 325.23706, 325.23707), were promulgated under Part 207, 1981 PA 79, which was enacted in 1981. Part 207 expired on September 30, 1989, and has been superseded by the existing Part 209 in 1990 PA 179, also entitled "Emergency Medical Services."

have local MCAs govern emergency care services personnel within their geographic regions, the statute provides for exactly that. Further, it appears from the house bill analysis that the empowerment of local control authorities was fully intended, to "ensure the quality of pre-hospital care delivery" within each local area. The DPH is responsible for developing, coordinating, and administering a statewide emergency system, but supervision of emergency medical services is the responsibility of the local MCAs. MCL 333.20910(1)(a); MSA 14.15(20910)(1)(a), MCL 333.20906; MSA 14.15(20906). Further, paramedics (such as plaintiff) are emergency medical personnel, and part of the emergency medical services systems, and they are answerable to their local MCAs rather than to the statewide DPH. MCL 333.20904(4), (5); MSA 14.15(20904)(4), (5). Accordingly, we reverse the trial court's ruling that the Lakola MCA lacked authority to suspend plaintiff's privilege to practice within its region.

In light of our disposition of this issue, defendant's remaining issues in Docket No. 210284 are rendered moot.

In Docket No. 212594, plaintiff argues that the circuit court judge lacked authority to rule on the question of the Lakola MCA's power to suspend a paramedic because another circuit judge had already made the ruling previously discussed in Docket No. 210284. In light of our reversal of the circuit court's decision in Docket No. 210284, this issue is also moot.

In Docket No. 210284, the decision of the trial court is reversed. In Docket No. 212594, the trial court's

grant of partial summary disposition to defendants is affirmed. We do not retain jurisdiction.