*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRANDON JON HARVEY,

      Petitioner-Appellant,

v

SECRETARY OF STATE,

      Respondent-Appellee.

UNPUBLISHED
August 17, 2023

No. 362541
Allegan Circuit Court
LC No. 2022-065497-AL

Before: YATES, P.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

Petitioner, proceeding *in propria persona*, appeals as of right the circuit court's order denying petitioner's appeal of the suspension, revocation, or denial of his driver's license for being untimely pursuant to MCR 7.120(B)(1) and MCL 257.323(1). For the reasons set forth in this opinion, we affirm.

On April 4, 2022, petitioner filed an appeal in the circuit court requesting review of the action of the Secretary of State dated April 28, 2018, that resulted in the suspension, restriction, or denial of petitioner's driving privileges. Petitioner indicated that he was appealing the "record pursuant to MCL 257.323(4)" and that he was requesting that the circuit court set aside the Secretary of State's action for being contrary to law and unsupported by competent, material, and substantial evidence. The circuit court entered an order denying petitioner's appeal without a hearing because it was untimely filed. The circuit court reasoned:

> Petitioner's Appeal of Suspension, Revocation, or Denial of Driver's License is denied due to the appeal not being timely filed pursuant to MCR 7.120(B)(1). MCR 7.120(B)(1) provides that the time for filing an appeal is governed by MCL 257.323(1). In relevant part, MCL 257.323(1) provides that the petition shall be filed "within 63 days after the determination is made except that for good cause shown the court may allow the person to file petition within 182 days after the determination is made." The petition in this matter was filled more than three years after the determination was made. Therefore, the petitioner's appeal is DENIED.

The circuit court denied petitioner's motion for reconsideration, and this appeal followed.

Notwithstanding petitioner's myriad of complaints, primarily focused on relitigating the merits of his drunk-driving convictions stretching back to 2005, the sole issue for this Court to resolve on appeal is whether the circuit court erred by dismissing petitioner's appeal for being untimely. This issue presents a question of law involving the application of a statute. Questions of law, including issues of statutory interpretation, are reviewed de novo on appeal. *DenBoer v Lakola Med Control Auth*, 240 Mich App 498, 500; 618 NW2d 8 (2000).

"[A]ppeals to the circuit court under the Michigan Vehicle Code, MCL 257.1 *et seq*., from a final determination by the Secretary of State pertaining to an operator's license . . ." are governed by MCR 7.120. MCR 7.120(A). Under the court rule, the "time for filing an appeal of right is governed by MCL 257.323(1)." MCR 7.120(B)(1). In turn, MCL 257.323(1) provides in relevant part as follows:

> (1) A person aggrieved by a final determination of the secretary of state denying the person an operator's or chauffeur's license, a vehicle group designation, or an indorsement on a license or revoking, suspending, or restricting an operator's or chauffeur's license, vehicle group designation, or an indorsement may petition for a review of the determination in the circuit court in the county where the person was arrested if the denial or suspension was imposed under section 625f or under the order of a trial court under section 328 or, in all other cases, in the circuit court in the person's county of residence. *The person shall file the petition within 63 days after the determination is made except that for good cause shown the court may allow the person to file petition within 182 days after the determination is made*. . . . [Emphasis added.]

Here, petitioner filed an appeal on April 4, 2022, in the circuit court expressly stating that he requested review of the action of the Secretary of State dated April 28, 2018, that resulted in the suspension, restriction, or denial of petitioner's driving privileges. Petitioner filed his appeal almost four years after the relevant determination, which is well more than the statutory period of 63 days, as well as the 182-day period that is permissible for good cause shown. MCL 257.323(1). Therefore, petitioner's appeal was untimely and the circuit court did not err by dismissing the action. Having made such a determination, we need not consider the remainder of petitioner's arguments.

Affirmed.

/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Sima G. Patel