MAXITROL COMPANY v DEPARTMENT OF TREASURY

Docket No. 178175. Submitted May 14, 1996, at Lansing. Decided June 28, 1996, at 9:00 A.M.

Maxitrol Company and Frank and Lucille Kern filed separate petitions with the Tax Tribunal, contesting their separate tax assessments entered by the Department of Treasury after it had audited the petitioners' tax returns and determined that Maxitrol, a subchapter S corporation, had improperly deducted from its gross income the intangibles taxes it had paid on behalf of Frank Kern, its sole shareholder. Relying on the provisions of Internal Revenue Code § 164(e), Maxitrol had deducted from its income calculation the intangibles taxes it had paid on behalf of Frank Kern, thereby reducing both its single business tax liability and the Kern's federal adjusted gross income, which, in turn, reduced the Kerns' Michigan income tax liability. The respondent argued that IRC § 164(e) does not apply to subchapter S corporations. The Tax Tribunal held that IRC § 164(e) was applicable to all corporations and, therefore, canceled the tax assessments. The Tax Tribunal also held that the respondent did not have the authority to audit the petitioners' federal income tax returns for the accuracy and the applicability of deductions that had been accepted by the United States Internal Revenue Service. The respondent appealed.

The Court of Appeals *held*:

1. Although the validity of the Tax Tribunal's reasoning based on case law may be disputable, its determination that the language of IRC § 164(e) evidences no intent on the part of Congress to limit the applicability of the provision to C corporations cannot be said to be clear error in applying the law. IRC § 164(e) speaks in terms of corporations, without limitation regarding the type of corporation that may avail itself of its provisions. The decision of the Tax Tribunal to permit Maxitrol to take the deduction is affirmed.

2. Because Michigan tax returns depend on the computations contained in the federal tax returns, and, thus, the state and federal returns are inextricably intertwined, any audit by the respondent of Michigan returns would be so limited and superficial as to be totally inadequate if the respondent is not permitted to make its own assessment of the validity of the deductions claimed by a tax-

payer on federal income tax statements and returns. Therefore, the respondent properly reviewed the petitioners' federal income tax returns and statements, and the Tax Tribunal erred in prohibiting the respondent from reviewing and assessing the validity of federal tax returns and statements in the exercise of its statutory authority to audit Michigan tax returns.

Affirmed in part and reversed in part.

1. TAXATION — DEDUCTIONS — INTANGIBLES TAX — CORPORATIONS— SUB-CHAPTER S CORPORATIONS.

The provision of the Internal Revenue Code allowing a corporation that has paid a tax imposed on a shareholder as a shareholder and has not been reimbursed by the shareholder to deduct from its taxable income the amount of the tax so paid is applicable to subchapter S corporations; Michigan intangibles taxes paid by a subchapter S corporation on behalf of its sole shareholder that have not been reimbursed to the corporation are properly deductible by the corporation (IRC § 164[e]).

2. TAXATION — MICHIGAN DEPARTMENT OF TREASURY — TAX AUDITS — FEDERAL TAX RETURNS.

The Michigan Department of Treasury in the exercise of its statutory audit authority may review a taxpayer's federal tax returns and statements and make its own assessments of the validity of the deductions claimed by the taxpayer on federal income statements and returns.

*Howard & Howard Attorneys, P.C.* (by *Michele L. Halloran* and *Patrick R. Van Tiflin*), for the petitioners.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Ross H. Bishop*, Assistant Attorney General, for the respondent.

Before: HOEKSTRA, P.J., and MICHAEL J. KELLY and J. M. GRAVES,* JJ.

MICHAEL J. KELLY, J. Respondent appeals as of right from a June 24, 1994, opinion and judgment of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Michigan Tax Tribunal canceling respondent's tax assessments against petitioners.

Maxitrol Company is a subchapter S corporation for federal income tax purposes. A subchapter S corporation refers to a small business corporation that meets the requirements set forth in § 1363 of the Internal Revenue Code, IRC § 1363. In general, an S corporation,

> with limited exceptions, is not taxed at the corporate level. Instead, its items of income, loss, deduction and credit are passed through to, and taken into account by, its shareholders in computing their individual tax liabilities. [RIA Federal Tax Handbook (1995), § 3362, p 487.]

Petitioner Frank Kern is the sole shareholder in Maxitrol Company. Petitioner Lucille Kern is his spouse.

During the years 1985-88, Maxitrol paid the Michigan intangibles tax on behalf of Frank Kern. Maxitrol deducted the amount of tax it paid on his behalf from its ordinary income on its federal income tax return, a calculation properly made pursuant to IRC § 164(e), which states:

> Taxes of shareholder paid by corporation. Where a corporation pays a tax imposed on a shareholder on his interest as a shareholder, and where the shareholder does not reimburse the corporation, then
>
> (1) the deduction allowed by subsection (a) shall be allowed to the corporation, and
>
> (2) no deduction shall be allowed the shareholder for such tax.

Maxitrol did not separately state the deduction from its ordinary income calculation. At issue here is Maxitrol's duty to pay taxes in Michigan pursuant to the Michigan Single Business Tax Act. MCL 208.1 *et seq.*;

MSA 7.558(1) *et seq.* Because Maxitrol deducted the payment of Michigan intangibles taxes that it made on behalf of Frank Kern from its federal taxable income, its obligation for single business tax payments was correspondingly reduced. Maxitrol's deduction also reduced the Kerns' federal adjusted gross income, which correspondingly reduced their individual Michigan taxable income.

Respondent audited petitioners and assessed separately to Maxitrol and the Kerns the amount that respondent computed petitioners had been deficient in their tax payments because of respondent's conclusion that Maxitrol took improper deductions. Maxitrol and the Kerns filed separate petitions with the Michigan Tax Tribunal to review respondent's tax assessments. The two cases were consolidated below.

Respondent argued below that because IRC § 164(e) was not applicable to Maxitrol, Maxitrol improperly deducted the payment of taxes it paid on behalf of Frank Kern and, thus, that the improper deduction taken at the federal tax level resulted in a deficient payment of Michigan taxes by Maxitrol and the Kerns. Moreover, respondent argued that Maxitrol should have separately stated the deduction so that the Kerns would have had to pay income tax with respect to the deduction taken by Maxitrol. The core of the dispute revolves around the applicability of IRC § 164(e) to subchapter S corporations. The Tax Tribunal held that section was applicable to all corporations. The Tax Tribunal also held that respondent did not have the authority to audit petitioners' federal income tax returns for the accuracy and applicability of deductions that had been accepted by the Internal

Revenue Service. We affirm in part and reverse in part.

I

We believe the Tax Tribunal correctly held that IRC § 164(e) applies to subchapter S corporations. IRC § 164(e) is a general provision dealing with payments made by corporations. IRC § 1363(b) provides that a subchapter S corporation must calculate its taxes like an individual. Respondent takes the position that because IRC § 164(e) does not apply to individuals, it should not apply to Maxitrol.

The tribunal relied on federal and state authority for its interpretation that because Congress specifically used the word "corporations" in IRC § 164(e) without referring to any specific type of corporation, Congress must have intended to have IRC § 164(e) refer to all corporations. Moreover, even the treasury regulations refer to "banks and other corporations." Treas Reg § 1.164-7 (1960). Therefore, Maxitrol had the right to take a deduction under IRC § 164(e).

This Court reviews a decision of the Tax Tribunal to determine whether the tribunal erred in applying the law or adopted a wrong principle. We generally defer to the Tax Tribunal's interpretation of a statute that it is delegated to administer. *Thrifty Royal Oak, Inc v Royal Oak*, 208 Mich App 707; 528 NW2d 205 (1995).

The Tax Tribunal stated two main reasons for its ruling that IRC § 164(e) was applicable to Maxitrol: (1) case law applying IRC § 164(e) uses the general language "corporations"; thus, the tribunal implied that the deduction would be applicable to S corporations; and (2) IRC § 164(e) and the treasury regula-

tions also use the general language "corporations"; thus, the tribunal implied that the deduction applies to S corporations.

The Tax Tribunal's reliance on case law was arguably subject, we think, to another interpretation. The Tax Tribunal relied mainly on *Hillsboro Nat'l Bank v Comm'r of Internal Revenue*, 460 US 370; 103 S Ct 1114; 75 L Ed 2d 130 (1983), to support its conclusion that IRC § 164(e) applies to S corporations. Rather than relying on the reasoning in *Hillsboro* to apply the rule of law set forth in *Hillsboro* to S corporations, the Tax Tribunal relied on the general language used in the case to support the proposition that *Hillsboro* did not limit its holding only to banking institutions. Thus, the Tax Tribunal held that IRC § 164(e) could be applicable to S corporations.

The Tax Tribunal's reasoning was disputable. Courts can rule only on the issues presented before them. The issue whether S corporations may use the deduction set forth in IRC § 164(e) was not before the *Hillsboro* Court. However, we have found no authority for the respondent's assertion that IRC § 164(e) exists as a general provision applicable solely to the payment of tax by C corporations to the wholesale exclusion of S corporations. Granting deference to the Tax Tribunal's interpretation, we cannot say that it is clearly erroneous. We therefore affirm the Tax Tribunal's decision to permit the deduction to S corporations.

II

Respondent next claims that contrary to the Tax Tribunal's ruling with regard to the issue of respondent's authority to audit, the tribunal has misinter-

preted the Legislature's statutory grant of authority in MCL 205.21; MSA 7.657(21). We agree with the Department of Treasury with regard to this issue.

Because petitioners' Michigan tax returns depend on the computations in their federal tax returns and statements, the Michigan and federal tax returns are inextricably intertwined, and, unless respondent is permitted to make its own assessment of the validity of petitioners' claimed deductions on their federal income tax statements and returns, the Michigan audit would be so limited and superficial as to be totally inadequate. We hold that respondent had the authority to assess the propriety of the deductions taken and the statements made on the petitioners' federal tax returns in connection with the deductions taken by Maxitrol for Mr. Kern's intangibles tax obligations during the years that were the subject of respondent's audits of petitioners' Michigan tax returns. We find, therefore, that the Tax Tribunal erred in prohibiting respondent from assessing the validity of the federal tax statements. Respondent has the express authority to audit Michigan tax returns, and that express authority necessarily includes the authority to assess the validity of the federal tax statements upon which Michigan tax computations depend.

Affirmed in part and reversed in part.