ROSE HILL CENTER, INC v HOLLY TOWNSHIP

Docket No. 190300. Submitted February 12, 1997, at Detroit. Decided June 3, 1997, at 9:00 A.M.

Rose Hill Center, Inc., filed in the Tax Tribunal a petition challenging an assessment by Holly Township of real property taxes on a parcel that the petitioner contended was exempt from taxation pursuant to MCL 211.7r; MSA 7.7(4-o) as a facility used for public health purposes. The tribunal issued a judgment in favor of the petitioner, ruling that the 120-acre central campus where mentally ill patients received services such as psychiatric evaluation and diagnosis, prescription and dispensation of medication, rehabilitation, and reintegration and the surrounding 225 acres of farm, pasture, woods, lakes, and marshes, some of which were used by the patients for therapeutic, recreational, and social activities, were exempt from taxation. The respondent appealed.

The Court of Appeals *held*:

1. MCL 711.7r; MSA 7.7(4-o) exempts from taxation the real estate and building of a nonprofit corporation to the extent that such property is used for hospital or public health purposes but does not exempt excess acreage not actively utilized for hospital or public health purposes.

2. Public health is the art and science of protecting and improving community health by means of preventive medicine, health education, communicable disease control, and the application of the social and sanitary sciences. The petitioner, which has applied for classification as a public charitable organization under § 501(c)(3) of the Interval Revenue Code, 26 USC 501(c)(3), may be considered to be operating a facility for public health purposes.

3. Only those facilities that are reasonably necessary to the performance of Rose Hill Center's public health function are entitled to a tax exemption. Although the entire parcel is beneficial to the petitioner in terms of treating its patients, it is not certain that the entire parcel is reasonably necessary for the performance of the petitioner's public health function. The judgment of the tribunal is reversed to the extent that it ruled that the entire parcel is tax exempt, and the case is remanded for a determination of what por-

tion of the property is reasonably necessary for the operation of the petitioner's facility.

Affirmed in part, reversed in part, and remanded.

1. Taxation — Real Property — Exemptions — Public Health Facilities.

"Public health," for purposes of the statute that grants a nonprofit corporation or the trustees of a health and welfare fund an exemption from real property taxes for land and buildings used for hospital or public health purposes, means the art and science of protecting and improving community health by means of preventive medicine, health education, communicable disease control, and the application of the social and sanitary sciences (MCL 211.7r; MSA 7.7[4-o]).

2. Taxation — Real Property — Exemptions — Hospitals and Public Health Facilities.

Only those facilities that are reasonably necessary for the competent operation of a hospital or public health facility are entitled to the statutory exemption from real property taxes extended to hospitals and public health facilities (MCL 211.7r; MSA 7.7[4-o]).

*Honigman Miller Schwartz and Cohn* (by *Jerome M. Salle*), for the petitioner.

*Booth Patterson, P.C.* (by *Allan T. Motzny*), for the respondents.

Before: White, P.J., and Cavanagh and J. B. Bruff*, JJ.

Per Curiam. Respondent Holly Township appeals as of right from a judgment of the Tax Tribunal granting tax-exempt status to petitioner Rose Hill Center, Inc., a treatment facility for mentally ill adults. We affirm in part, reverse in part, and remand.

Petitioner is a nonprofit corporation. On August 24, 1990, petitioner acquired a 372-acre parcel in Holly Township and subsequently constructed two residential buildings on it. The buildings are operated as a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

treatment center for mentally ill adults and are occupied by approximately thirty patients.

In 1993, the property was assessed at $1,516,100. Petitioner appealed the assessment to the township board of review. The board rejected petitioner's challenge. On June 20, 1993, petitioner filed an appeal of that decision with the Michigan Tax Tribunal. On May 26, 1994, petitioner amended the petition to include a challenge to the 1994 assessment of the property.

On October 27, 1994, the parties submitted a stipulated statement of facts. The parties agreed that the subject property was inspected and licensed as a mental health provider by the Michigan Department of Social Services and that petitioner had applied for classification as a public charitable organization under § 501(c)(3) of the Internal Revenue Code.[1]

In support of its claim of exemption, petitioner argued that it is exempt from property taxes as a hospital or facility used for public health purposes under MCL 211.7r; MSA 7.7(4-o).[2] Respondent contended that petitioner is not operated for public health services because it is not licensed under the Public Health Code and does not provide the type of services typically associated with public health providers. Respondent further asserted that, even assuming that petitioner is operated for public health services, 255 acres of the property are not used in connection

---

[1] 26 USC 501(c)(3).

[2] Petitioner also argued that it was exempt from taxation pursuant to MCL 211.7o; MSA 7.7(4l), the exemption for charitable organizations. Because the tribunal found that petitioner was entitled to an exemption under MCL 211.7r; MSA 7.7(4-o), it did not address whether petitioner was entitled to an exemption as a charitable organization.

with the public health purpose and therefore are subject to tax.

A hearing on petitioner's claim was held on September 26, 1995. At the conclusion of the hearing, the tribunal took the matter under advisement. On October 23, 1995, the tribunal issued a judgment in favor of petitioner. The tribunal found that the entire parcel is exclusively utilized for public health purposes and is therefore exempt from taxation. Respondent appeals.

I

Respondent first argues that petitioner is not entitled to a tax exemption under MCL 211.7r; MSA 7.7(4-o). Judicial review of a determination by the Tax Tribunal is limited to determining whether the tribunal made an error of law or applied a wrong principle. Const 1963, art 6, § 28; *Comcast Cablevision of Sterling Heights, Inc v Sterling Heights*, 218 Mich App 8, 11; 553 NW2d 627 (1996). Generally, this Court will defer to the Tax Tribunal's interpretation of a statute that it is delegated to administer. *Maxitrol Co v Dep't of Treasury*, 217 Mich App 366, 370; 551 NW2d 471 (1996). The factual findings of the tribunal are final, provided that they are supported by competent, material, and substantial evidence on the whole record. *Comcast, supra.*

The Tax Tribunal found that petitioner's property is exempt from taxation pursuant to MCL 211.7r; MSA 7.7(4-o). The statute provides:

> The real estate and building of a clinic erected, financed, occupied, and operated by a nonprofit corporation or by the trustees of health and welfare funds is exempt from taxation under this act, if the funds of the corporation or the

trustees are derived solely from payments and contributions under the terms of collective bargaining agreements between employers and representatives of employees for whose use the clinic is maintained. The real estate with the buildings and other property located on the real estate on that acreage, owned and occupied by a nonprofit trust and used for hospital and public health is exempt from taxation under this act, but not including excess acreage not actively utilized for hospital or public health purposes and real estate and dwellings located on that acreage used for dwelling purposes for resident physicians and their families. [MCL 211.7r; MSA 7.7(4-o).]

Statutory interpretation is a question of law subject to review de novo on appeal. *Golf Concepts v Rochester Hills*, 217 Mich App 21, 26; 550 NW2d 803 (1996). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). Statutory language should be construed reasonably, keeping in mind the purpose of the statute. The first criterion in determining intent is the specific language of the statute. If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. *Barr v Mount Brighton Inc*, 215 Mich App 512, 516-517; 546 NW2d 273 (1996). However, if reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate. *Yaldo v North Pointe Ins Co*, 217 Mich App 617, 620-621; 552 NW2d 657 (1996).

In general, tax exemption statutes must be strictly construed in favor of the taxing unit. *DeKoning v Dep't of Treasury*, 211 Mich App 359, 361-362; 536 NW2d 231 (1995). However, this rule does not permit

a strained construction adverse to the Legislature's intent. *Holland Home v Grand Rapids*, 219 Mich App 384, 396; 557 NW2d 118 (1996).

The tribunal found that "Rose Hill Center services are for public health purposes." The phrase "public health purposes" is not defined in the statute. When, as in this case, a word is not defined in the statute, a court may consult dictionary definitions. *Yaldo, supra* at 621. *The American Heritage Dictionary: Second College Edition* defines "public health" as

[t]he art and science of protecting and improving community health by means of preventative medicine, health education, communicable disease control, and the application of the social and sanitary sciences.

In the instant case, the tribunal found that petitioner was engaged in the provision of services to mentally ill patients. These services include psychiatric evaluation and diagnosis, the prescription and dispensation of medication, and rehabilitation and reintegration programs. Petitioner is staffed by a psychiatrist, psychiatric nurses, and social workers and provides twenty-four-hour care to its patients. Petitioner is open to mentally ill adults without regard to race, religion, or sex. Petitioner accepts patients covered by Medicare and Medicaid, as well as by private sources.

After considering these facts, we believe that petitioner can reasonably be considered to be operating a facility for "public health purposes." We therefore conclude that the Tax Tribunal did not make an error of law or apply a wrong principle. The tribunal's decision constitutes a reasonable interpretation of the

statute and is therefore entitled to deference. See *Maxitrol, supra.*

Respondent contends that because petitioner is not licensed under the Public Health Code, it is not entitled to the exemption. We disagree. The statute does not contain any language restricting the exemption to facilities licensed under the Public Health Code. If the Legislature had intended such a limitation, it could easily have included such language.

II

Respondent next argues that the tribunal erred in finding that petitioner was entitled to an exemption for all 372 acres of the subject property. Respondent contends that, because only recreational and social activities are performed on the land surrounding the 120-acre central campus, there is insufficient evidence to support the tribunal's conclusion that the entire parcel is used for public health purposes. Furthermore, respondent asserts that even if the social and recreational activities are for public health purposes, the irregular nature of the patients' use of the outlying portions of the property requires a finding that it is not actively used in any sense.

At the hearing on this issue, evidence was presented that the 372-acre parcel consists of a central complex of approximately seven residential buildings and a community center. Surrounding this central area are a working farm, pasture, woods, lakes, and marsh areas. Petitioner's executive director, Ronald Stuursma, testified that most of the patients suffer from chronic mental illness. The farm is run by two employees who are assisted by the patients as part of their treatment program. The patients also assist in

caring for the animals and distributing the crops after harvest. The woods, lakes, and marsh areas are used sporadically for recreational activities such as hiking, fishing, swimming, and winter sports. These recreational activities assist the treatment of the patients by providing motivation and exercise and aiding the development of interpersonal relationships between the residents and staff. Stuursma also testified that the open spaces were useful for dealing with agitated patients, because the staff would send them for walks, alone or accompanied by a staff member, depending on the patient's condition.

On cross-examination, Stuursma admitted that no formal medical care or treatment is performed outside the buildings. Stuursma also stated that, although the program might not operate in the same manner, it could function solely on the 120 acres serving as the central campus.

In its opinion, the tribunal found that the entire parcel is used for public health purposes "because the property is used exclusively for the care and rehabilitation of its patients." The tribunal determined that tending to farm animals, working on the farm, and using the surrounding area for recreational activities are all part of the therapy provided. The open spaces are beneficial in treating the patients, and they also provide a buffer between petitioner's facilities and its neighbors.

In *Saginaw General Hosp v Saginaw*, 208 Mich App 595; 528 NW2d 805 (1995), this Court addressed whether a freestanding day-care center for the exclusive use and benefit of hospital employees was exempt from taxation under MCL 211.7r; MSA 7.7(4-o). Evidence was presented that the day-care center

was necessary to properly staff the hospital because the hospital employees' unusual schedules precluded utilization of other child-care services. The hospital had concluded that opening the day-care center would reduce employee turnover, absenteeism, and tardiness. *Saginaw General Hosp, supra* at 596-597. This Court held that in granting a tax exemption to a hospital, only those facilities that are reasonably necessary for the competent operation of the hospital should receive tax-exempt status. *Id.* at 599. Under this standard, the *Saginaw* panel held that the day-care center qualified as property used "for hospital or public health purposes." *Id.* at 599-601.

From the evidence presented below, it is clear that the entire parcel is beneficial to petitioner in treating its patients. However, the tribunal did not apply the standard set forth in *Saginaw General Hosp.* Although the entire parcel may be beneficial to petitioner, it is not certain that the entire parcel is reasonably necessary to the performance of petitioner's public health function. Accordingly, we reverse that part of the tribunal's judgment finding the entire property exempt from taxation and remand for a determination of what portion of the property is reasonably necessary for the operation of petitioner's facility.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.