HODGE v US SECURITY ASSOCIATES, INC

Docket No. 311387. Submitted February 11, 2014, at Detroit. Decided July 15, 2014, at 9:05 a.m. Leave to appeal sought.

Carnice Hodge brought an action in the Wayne Circuit Court to appeal the Unemployment Insurance Agency's determination that she was disqualified from receiving unemployment benefits under MCL 421.29(1)(b), a provision of the Michigan Employment Security Act (MESA) that disallows benefits for individuals discharged for work-related misconduct, after respondent U.S. Security Associates, Inc., terminated her employment as a security guard at Detroit Metropolitan Wayne County Airport. Claimant was fired for accessing publicly available flight departure information on a computer near her post at the request of a traveler in violation of respondent's policy regarding the unauthorized use of client equipment. Administrative Law Judge Lawrence E. Hollens affirmed the denial of benefits, as did the Michigan Compensation Appellate Commission (MCAC), but the Wayne Circuit Court, Robert L. Ziolkowski, J., reversed. The Court of Appeals granted respondent's application for leave to appeal.

The Court of Appeals *held*:

1. The circuit court did not err by reversing the MCAC's decision as a matter of law. The court did not determine whether the facts as found by the agency were supported by substantial evidence because the facts were undisputed, and the court assumed that the facts as found by the ALJ were true in reaching its conclusion. Even if the facts had been disputed, the interpretation and application of the statute to the facts would have been a question of law that was within the circuit court's authority to decide under Const 1963, art 6, § 28 and MCL 421.38(1).

2. The circuit court did not err by concluding as a matter of law that claimant's behavior was a good-faith error in judgment rather than misconduct under MCL 421.29(1)(b). There were no facts in the record demonstrating that claimant acted with a willful and wanton disregard for respondent's interests; rather, the facts indicated that claimant disregarded the rule prohibiting her use of the computer to further respondent's interests. Under these circumstances, claim-

ant's disregard of respondent's rule did not rise to the level of misconduct sufficient to disqualify her from receiving unemployment benefits.

Affirmed.

1. ADMINISTRATIVE LAW — UNEMPLOYMENT COMPENSATION — MICHIGAN EMPLOY-
   MENT SECURITY ACT — STANDARD OF REVIEW.

When reviewing an agency's determination that an individual is disqualified from receiving unemployment benefits under MCL 421.29(1)(b) for work-related misconduct, the court must first determine whether the agency's conclusion of law, accepting for this purpose the agency's factual findings, was legally valid; if not, the court need not determine whether the factual findings were supported by the evidence and may decide the issue as a matter of law.

2. UNEMPLOYMENT COMPENSATION — MICHIGAN EMPLOYMENT SECURITY ACT —
   DISQUALIFICATION FOR BENEFITS — MISCONDUCT — DEFINITION.

The type of misconduct that disqualifies an individual from receiving unemployment benefits under MCL 421.29(1)(b) is conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior that the employer has the right to expect of an employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer; this does not include mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion.

Michigan Unemployment Insurance Project (by *Steve Gray*) for Carnice Hodge.

*Howard & Howard Attorneys PLLC* (by *Brian A. Kreucher* and *Alex G. Cavanaugh*) for US Security Associates, Inc.

Before: O'CONNELL, P.J., and WILDER and METER, JJ.

WILDER, J. Respondent U.S. Security Associates, Inc.,

appeals by leave granted[1] a circuit court order reversing the decision by the Michigan Compensation Appellate Commission (MCAC) that claimant was disqualified from unemployment insurance benefits under MCL 421.29(1)(b). On appeal, respondent argues that the circuit court applied the incorrect standard when reviewing the agency's decision and that claimant should be disqualified from benefits for violating respondent's rules. We affirm.

I

Claimant worked for respondent as a security guard from September 21, 2008, to February 9, 2011, when respondent mailed her a notice of termination of employment for violating company rules and regulations on January 27, 2011.

Before the incident leading to her termination, on November 11, 2008, claimant signed an acknowledgement of respondent's "Security Officer's Guide," which provided, in relevant part, that the "[u]nauthorized use of client facilities or equipment, including copiers, fax machines, computers, the internet, forklifts and vehicles" may result in immediate termination.

While working at the Detroit Metropolitan Wayne County Airport in Concourse B, claimant was approached by an airline passenger seeking departure information. Claimant looked for that information on the computer near her post. Shortly after this incident, claimant received a call from the command center, and was informed that someone had anonymously complained about her use of the computer. Respondent drafted a disciplinary report, which claimant signed.

---

[1] *Hodge v US Security Assoc, Inc*, unpublished order of the Court of Appeals, entered March 15, 2013 (Docket No. 311387).

Then, respondent told claimant she would be reassigned. But later, respondent reevaluated the incident and instead terminated claimant's employment in the February 9 letter.

Claimant filed a claim for unemployment benefits, and a notice of determination denying her claim was issued on March 10, 2011. The notice provided:

> You were terminated from US Security on 1/28/11 for accessing the client's computer system which is a violation of company policy. You were aware of the policy.
>
> It is found that you were fired for a deliberate disregard of your employer(s) interest. You are disqualified for benefits under [MESA, MCL 421.29(1)(b)].

Claimant filed an appeal of this notice of determination, and a hearing was conducted on July 13, 2011, by Administrative Law Judge Lawrence Hollens (ALJ). Claimant and respondent's employment specialist, Aramis Brown, appeared at the hearing without counsel.

Brown first testified that claimant was terminated for accessing the client's computer for flight information, which violated respondent's rules and regulations. The ALJ asked claimant the following series of questions:

> *ALJ*: They say you used a client computer.
>
> *Claimant*: Yes.
>
> *ALJ*: Is that true?
>
> *Claimant*: Yes, it is.
>
> *ALJ*: Why would you do that?
>
> *Claimant*: I used the client computer to help a passenger out. I --
>
> *ALJ*: Was that your job?
>
> *Claimant*: To help the passengers, yes.

*ALJ*: And so you're saying as part of your job, you would normally access the computer?

\*   \*   \*

*Claimant*: Yes, I do.

*ALJ*: That would be normal for you to do?

*Claimant*: No.

*ALJ*: So why did you do something abnormal, if you see my problem?

*Claimant*: I did it to assist a passenger. That was the closest thing --

*ALJ*: Is there anything in the policy that says it's okay to violate these rules so long as you're assisting a passenger?

*Claimant*: No.

\*   \*   \*

*ALJ*: And you admit it was in flight information.

*Claimant*: It was -- yes, flight information.

Claimant further testified that she did not believe it was "a problem" to check on the departures and arrivals to help a passenger, and indicated that she had done so before this incident. The passenger could have found the same information on public boards, but the nearest board was down the hall.

The ALJ affirmed the agency's determination to deny unemployment benefits. In his reasoning and conclusions, the ALJ sets forth the following facts not in dispute:

> Both parties agree that there was a policy that indicated employees of [respondent] could not access or use the client's equipment.

> The Claimant was aware of that policy, but had disregarded it on some occasions in the past.

> The Claimant never received any instruction from management or any approval of her accessing flight data information on the client's computer.
>
> The Claimant acknowledged the use on January 27, 2011 . . . .

The ALJ also found that claimant accessed the computer to assist a passenger with flight arrivals and departures. The ALJ ruled that the employer met its burden of proof in establishing that claimant was discharged for reasons "which would constitute behavior beneath the standard the Employer had reason to expect of its employee."

Claimant appealed the ALJ's decision, arguing that her conduct did not rise to the level of disqualifying misconduct. The MCAC issued a decision affirming the ALJ's decision and ruled that the decision was in conformity with the facts as developed at the hearing and the ALJ properly applied the law to the facts.

Claimant then filed an appeal in the circuit court, arguing that her conduct did not rise to the level of disqualifying misconduct given that she was not acting against her employer's best interests and her behavior could be considered no more than an error in judgment. Respondent replied that claimant acknowledged that she violated a known rule that prohibited security officers from using the computer, and that the earlier decisions were supported by competent, material, and substantial evidence on the whole record. Following a hearing, the circuit court reversed the MCAC's decision, stating:

> Misconduct is limited to conduct evincing such willful or wanton disregard of an employee -- employer's interest and is found in deliberate violations or disregards of standards of behavior which the employer has the right to

expect of his employee. Or the carelessness or negligence in such a degree or occurrence as to manifest equal culpability.

Wrongful intent or evil design or to show an intentional and substantial disregard to the employer's interest or of the employee's duties and obligations to the employer.

On the other hand, mere insufficiency, unsatisfactory conduct, failure in good performance as a result of inability or incapacity, inadvertence or ordinary negligence in isolated incidents or good faith errors in judgment or discretion are also not to be deemed misconduct within the meaning of the statute.

I mean, that's what we have here. There's a woman . . . [c]onflicted with . . . two policy situations. You know, am I going to help somebody, some customer for the benefit of the company or I'm going to look in this computer and [sic] I'm told not to do? You sacrifice and she loses her job.

[*Counsel for Respondent*]: If I may respond to that, I would be happy to offer a sentence or two.

*The Court*: No. That's good enough. I've heard enough. So I'm going to reverse the decision. I'm going to -- I think this is a -- it fits under the latter of negligence as opposed to intentional negligence.[2]

The circuit court then entered an order reversing the MCAC "[f]or the reasons stated on the record." Respondent's application for leave to appeal followed and was granted by this Court.

II

A

The Michigan Employment Security Act (MESA) governs unemployment benefits. The purpose of the act is to "provide benefits for periods of unemployment . . .

---

[2] We presume the trial court meant intentional disregard rather than intentional negligence.

[to] persons unemployed through no fault of their own[.]" MCL 421.2(1). Under the MESA, "[a]n individual is disqualified from receiving unemployment benefits if he or she . . . [w]as . . . discharged for misconduct connected with the individual's work . . . ." MCL 421.29(1)(b). The employer bears the burden of proving misconduct. *Korzowski v Pollack Indus*, 213 Mich App 223, 229; 539 NW2d 741 (1995).

In *Carter v Employment Security Comm*, 364 Mich 538, 541; 111 NW2d 817 (1961), the Michigan Supreme Court adopted the following definition of "misconduct" (which was cited by the circuit court below):

> "[C]onduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer." [*Id.* (citation omitted).]

The Supreme Court's description of conduct that is not misconduct was also cited by the circuit court below:

> "On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed 'misconduct' within the meaning of the statute." [*Id.*]

Const 1963, art 6, § 28 provides, in pertinent part:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. *This review shall*

*include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law*; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. [Emphasis added.]

Similarly, MCL 421.38(1) provides:

The circuit court . . . may review questions of fact and law on the record made before the administrative law judge and the Michigan compensation appellate commission involved in a final order or decision of the Michigan compensation appellate commission, and may make further orders in respect to that order or decision as justice may require, but *the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record.* Application for review shall be made within 30 days after the mailing of a copy of the order or decision by any method permissible under the rules and practices of the circuit court of this state. [Emphasis added.]

B

As respondent argues on appeal, the circuit court was required to uphold the decision of the MCAC unless (1) its decision was contrary to law, or (2) the decision was not supported by competent, material, and substantial evidence. When a circuit court reviews whether a decision was supported by substantial evidence, it may not invade the province of the agency as fact-finder, resolve evidentiary disputes, or pass on witness credibility. See *Smith v Employment Security Comm*, 410 Mich 231, 260-261; 301 NW2d 285 (1981); *VanZandt v State Employees Retirement Sys*, 266 Mich App 579, 588; 701 NW2d 214 (2005). We review a lower court's application of the substantial-evidence standard for clear error, *Boyd v Civil Serv Comm*, 220 Mich App 226, 234-235;

559 NW2d 342 (1996), but we review de novo whether a circuit court applied correct legal principles in reviewing an administrative decision, *Mericka v Dep't of Community Health*, 283 Mich App 29, 35-36; 770 NW2d 24 (2009); see also *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 88; 832 NW2d 288 (2013) ("Courts review de novo questions of law, including whether an agency's action complied with a statute.").

When it reversed the MCAC's decision, the circuit court did not expressly state on the record whether its decision was based on a question of law or a lack of substantial evidence. Claimant maintains on appeal that the circuit court properly decided a question of law, and respondent maintains that the circuit court improperly invaded the province of the agency when reviewing the facts in evidence.

Claimant argues the circuit court was not required to make findings of fact in this case because the facts in the record were undisputed. And because the facts were undisputed, claimant argues that the circuit court decided a question of law regarding whether her conduct constituted misconduct. In *Laya v Cebar Const Co*, 101 Mich App 26; 300 NW2d 439 (1980),[3] the underlying facts were undisputed. The plaintiff, a plumber, was laid off and could not find work locally because of poor economic conditions. His local union directed him to Cincinnati, Ohio, 272 miles away, where he took a job. The great distance between home and work contributed to problems with the plaintiff's wife and children, so he quit after 25 days of work. This Court held, "Because

---

[3] "While cases decided before November 1, 1990 are not binding precedent pursuant to MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 303 Mich App 441, 453 n 4; 844 NW2d 727 (2013).

there is no dispute as to the underlying facts, the questions presented are questions of law." *Id.* at 29. The question of law was whether the plaintiff had left work "voluntarily" under MESA and was therefore disqualified from unemployment benefits. *Id.* at 29-30. Ultimately, this Court concluded that the plaintiff was not faced with a choice between alternatives that ordinary persons would consider reasonable, he did not leave work voluntarily, and he was entitled to benefits. *Id.* at 32-35.

Like the facts in *Laya*, the relevant facts were undisputed in this case. There was no question that claimant violated respondent's rules when she accessed the client's computer, but she testified that she had done so to help a passenger. The ALJ made this finding of fact in his decision. At the circuit court hearing, respondent attempted to create a question of fact by arguing that "being helpful" was not one of claimant's "job duties," but that argument was inconsistent with the record. Claimant had previously testified that it was her job to help passengers, and respondent presented no evidence to the contrary. Because the facts in the record were undisputed, claimant's argument is persuasive that because there were no disputed factual findings for the circuit court to test with the substantial-evidence standard, it must have decided a question of law.

C

But even if the facts were not undisputed, this Court has stated that the interpretation and application of the statute to the facts is a question of law. See *In re Wayne Co Treasurer Petition*, 265 Mich App 285, 290; 698 NW2d 879 (2005); see also *Natural Resources Defense Council*, 300 Mich App at 88. In *Wickey v Employment Security Comm*, 369 Mich 487, 490; 120 NW2d 181

(1963), our Supreme Court noted that it had "only rarely . . . made the sometimes difficult effort to distinguish between issues of fact, issues of law, and compound issues of fact and law." However, the Court stated that when a dispute involves an agency's "interpretation or application of a statute, our function is not restricted by the 'great weight' test in determining whether or not the agency's application of the statute to the facts found conforms with the law . . . ."[4] *Id.* at 492. The Court held that reviewing courts must first determine whether the agency's conclusion of law, "accepting for this purpose all of the findings of fact" of the agency, "was a legally valid conclusion." *Id.* at 493. If it was a legally valid conclusion, reviewing courts then determine whether the findings of fact were supported by the evidence. *Id.* at 493-494.

Just as in *Laya*, the question of law in *Wickey* was whether the claimant had voluntarily left his employment without good cause. *Id.* at 494. The claimant was a seaman who went ashore while off duty and returned to the ship late, after it had departed. *Id.* at 494-495. The Court concluded that this action did not "support even an inference of intentional, deliberate, voluntary desertion of his ship." *Id.* at 495. The claimant's subsequent conduct—traveling where the ship was next scheduled to dock—likewise demonstrated that the claimant did not intend to quit his job, but intended to resume it. *Id.* at 496. Because the Court concluded that the facts as found by the agency did not, as a matter of law, justify the claimant's disqualification from unemployment benefits, the Court found it unnecessary to

---

[4] The version of MCL 421.38 in effect at the time *Wickey* was decided allowed courts to reverse if the decision was contrary to the great weight of the evidence, as opposed to the substantial-evidence standard now prescribed. *Wickey*, 369 Mich at 490.

determine whether the findings of fact were supported by the evidence. *Id.* at 497-498.

D

The framework explained by our Supreme Court in *Wickey* applies here. Under Const 1963, art 6, § 28 and MCL 421.38(1), a circuit court must review the agency's factual findings under the substantial-evidence standard, but review the facts, as found, to determine whether they constitute "misconduct" under the statute.

The question before the circuit court, as framed by claimant at the hearing on her appeal from the agency decision, was whether the ALJ's and the MCAC's decisions were supported by law. Contrary to respondent's argument on appeal, we find nothing in the record to indicate that the circuit court analyzed whether the agency's findings of fact were supported by the record evidence. As our Supreme Court directed in *Wickey*, the circuit court assumed the facts found by the ALJ were true (noting that claimant had a choice between whether "to help somebody, some customer for the benefit of the company" or "to look in this computer" as she'd been "told not to do") and applied those facts to the law. The circuit court relied on the definition of misconduct in *Carter* to conclude that claimant's behavior was mere negligence. Determining whether an agency decision was authorized by law was within the circuit court's authority under Const 1963, art 6, § 28 and MCL 421.38(1) and was not error.

III

A

Given our conclusion that the circuit court analyzed whether claimant's behavior constituted misconduct as

a matter of law, we must next consider whether the circuit court erred in this determination. *Mericka*, 283 Mich App at 35-36. The principles of statutory interpretation are well established. The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. The statutory language is the best indicator of the Legislature's intent. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). Importantly, " '[s]tatutory language should be construed reasonably, keeping in mind the purpose of the act,' " and to avoid absurd results. *Draprop Corp v City of Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001), quoting *Rose Hill Ctr, Inc v Holly Twp*, 224 Mich App 28, 32; 568 NW2d 332 (1997); see also *People v Tennyson*, 487 Mich 730, 741; 790 NW2d 354 (2010).

Again, our Supreme Court defined "misconduct" under MCL 421.29(1)(b) as

> conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute. [*Carter*, 364 Mich at 541 (citation and quotation marks omitted).]

"[W]hile misconduct may justify an employee's discharge for breach of company rules, not every such breach rises to the level of misconduct sufficient to disqualify the employee for unemployment benefits."

*Tuck v Ashcraft's Market, Inc*, 152 Mich App 579, 589; 394 NW2d 426 (1986), citing *Reed v Employment Security Comm*, 364 Mich 395; 110 NW2d 907 (1961).

In *Carter*, 364 Mich at 540, the claimant was instructed by his foreman to shovel a pile of lead dust into the furnace that the claimant operated. The claimant refused. When the foreman said he would shovel the dust, the claimant threatened to punch him in the nose. The court determined that the claimant's response was "both a wilful disregard of the employer's interests and a deliberate violation of standards of behavior which an employer has a right to expect of his employee." *Id.* at 542. The claimant's behavior was "fundamentally disruptive of orderly conduct of work . . . ." *Id.* The Court found no evidence in the record to support the claimant's contention that his foreman's instruction was unreasonable or that his refusal was motivated by fear. *Id.* at 543-544. Under these circumstances, the Court held that the claimant's behavior constituted misconduct under MESA. See also *Parks v Employment Security Comm*, 427 Mich 224; 398 NW2d 275 (1986) (holding that the claimant's failure to abide by city residency requirements and her attempt to sustain the appearance of residency in the city constituted a willful disregard of the employer's interest).

In *Tuck*, 152 Mich App at 582, the claimant worked in the meat department of a market. The store had a scrap barrel where unsaleable products were placed, and the claimant had been taking scrap from that barrel for several years for bear baiting. On a day when a manager was not present, the claimant discovered spoiled fish in the market (not the scrap barrel) and he loaded the fish directly into his truck. Only managers were authorized to determine the appropriate disposition of unsaleable goods, including whether to sell them

to restaurants or employees at a discount or to dispose of them in the scrap barrel. *Id.* at 582-584. There was no question that the claimant broke the rules and should have asked for permission to remove the fish. But this Court determined the claimant had not willfully and wantonly disregarded his employer's interests. His "determination that the fish was unsaleable was a good faith error in judgment and did not evidence an evil design or show a substantial disregard of the employer's interests." *Id.* at 590.

In *Razmus v Kirkhof Transformer*, 137 Mich App 311, 313; 357 NW2d 683 (1984), the claimant was terminated for two instances of "wasting time" and one violation of safety rules. This Court held that none of the violations amounted to misconduct under MESA. *Id.* at 316-317. This Court noted that the "safety violation, if anything, evinces an intent to further his employer's interest. [The claimant] removed his safety glasses because they kept falling off and interfering with his helping a new employee." *Id.* at 316. Moreover, the claimant only left his work station for personal business after he had finished his work (welding) and was waiting for the lead to cool. *Id.* at 317; see also *LaCharite v State of Florida*, 890 So 2d 354 (Fla App, 2004) (claimant who regularly administered saline IVs administered an IV to a coworker with permission from the office manager, but not from a doctor as the employer's rules provided, demonstrated a good-faith error in judgment, not egregious, willful, or wanton behavior that would warrant a denial of benefits).[5]

---

[5] We are not bound by the decisions of other states, but we may consider them to be persuasive authority. *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 559 n 38; 705 NW2d 365 (2005).

### B

Claimant disregarded respondent's rules when she used the computer, but the question before the circuit court was whether her breach rose to the level of misconduct, as defined by statute, that would be sufficient to disqualify her from benefits. *Tuck*, 152 Mich App at 589. We conclude that the circuit court did not err by determining that claimant's behavior was a good-faith error in judgment and not misconduct under MESA. *Mericka*, 283 Mich App 29, 35-36. Claimant was aware of the rule prohibiting her use of the computer, but she disregarded it to help a passenger, believing that helping passengers was one of her job responsibilities as a security guard at the airport.

There are no facts in the record demonstrating a willful and wanton disregard for respondent's interests. Unlike the claimant who threatened to punch his foreman in *Carter*, and the claimant who willfully lied about her residency in *Parks*, claimant's behavior was intended to further respondent's interests and assist, not disrupt, the passengers at the airport. In that respect, claimant's behavior is more akin to the violation of the safety rule in *Razmus*, which was committed to assist a coworker. Respondent notes that the rule prohibiting security guards' use of the computers was in place because the airport's computers contained sensitive information. But the fact that claimant merely accessed public flight information, not sensitive information, advances her claim that this was a good-faith error in judgment and not evil design. *Carter*, 364 Mich at 541.

We conclude that, as a matter of law, claimant's violation of the rules in this case did not constitute misconduct under MCL 421.29(1)(b). The circuit court did not err by addressing whether the agency's decision violated the law or by reversing the decision that

claimant committed misconduct and was therefore disqualified from unemployment benefits. *Mericka*, 283 Mich App 29, 35-36.

Affirmed. Claimant may tax costs pursuant to MCR 7.219.

O'CONNELL, P.J., and METER, J., concurred with WILDER, J.