# STATE OF MICHIGAN

# COURT OF APPEALS

---

REESE PUBLIC SCHOOL DISTRICT,

      Respondent-Appellee,

v

REESE PROFESSIONAL SUPPORT
PERSONNEL ASSOCIATION MEA/NEA,

      Charging Party-Appellant.

UNPUBLISHED
December 30, 2014


No. 316528
MERC
LC No. 11-000155

---

Before: MURRAY, P.J., and DONOFRIO and BORRELLO, JJ.

BORRELLO, J. (*dissenting*).

In this case, in 2011, respondent-appellee Board of Education of the Reese Public School District (the District) laid-off secretaries who were bargaining-unit members and privatized their positions. The charging-party/appellant Reese Professional Support Personnel Association MEA/NEA (the Association) filed an unfair labor practice (ULP) charge against the District. The Association alleged that the District was prohibited from unilaterally subcontracting the secretaries' services without bargaining to impasse. Relying on MCL 423.210(1)(a) and (e), a subsection of the Public Employment Relations Act (PERA), MCL 423.201 *et seq*., the Association charged that the District engaged in bad-faith bargaining by unilaterally subcontracting bargaining-unit work. The District countered that it was not required to negotiate to impasse before subcontracting the secretaries' services because, pursuant to MCL 423.215(3)(f), the secretaries were "noninstructional support staff." The principal issue for the Michigan Employment Relations Commission (MERC) centered on the interpretation and application of the phrase "noninstructional support staff" under § 215(3)(f). The MERC concluded that the secretaries at issue should be characterized as providing "noninstructional support services" and therefore the District did not have a duty to bargain to impasse under § 215(3)(f). The Association appeals that order as of right. Contrary to the conclusions of the MERC and my colleagues writing for the majority, for the reasons set forth more fully below, I would hold that the MERC erred as a matter of law in holding that the secretaries provide "noninstructional support services" under the plain meaning of MCL 423.215(3)(f), and accordingly would reverse the decision of the MERC and remand the matter for further proceedings consistent with this opinion.

-1-

## I. BACKGROUND

The underlying dispute began when the Association filed its ULP charges against the District in response to the District's plan to privatize the work that was performed by the secretaries within the Association's bargaining unit. The Association and the District were parties to a Collective Bargaining Agreement (CBA) that was in effect from July 1, 2011 through June 30, 2012. Under the terms of the CBA, the Association served as the sole and exclusive bargaining representative for the secretaries. On June 8, 2011, the District sent out a proposal making clear its intent to privatize the work being performed by the bargaining-unit secretaries. One month later, on July 8, 2011, the District laid-off the secretaries and privatized their positions.[1]

The Association alleged that the secretaries at issue provided support for instructional staff and therefore the District had a duty to bargain to impasse under § 215(3)(f). The Association submitted affidavits and attached job descriptions in support of its position. Finding that the parties did not disagree that the secretaries constituted "support" staff, the MERC framed the issue as whether the services provided by the secretaries was for instructional or non-instructional support. In reaching its decision, the MERC held that for purposes of this case, "Instructional support services are only those services in which the support services are substantially instructional." Because I believe such an interpretation is inconsistent with the plain meaning of § 215(3)(f), I respectfully dissent.

## II. ANALYSIS

We review MERC decisions "pursuant to Const 1963, art 6, § 28, and MCL 423.216(e)." *Grandville Municipal Executive Ass'n v Grandville*, 453 Mich 428, 436; 553 NW2d 917 (1996). MERC's "findings of fact are conclusive if they are supported by competent, material, and substantial evidence on the record considered as a whole." *Id*. MERC's "legal determinations may not be disturbed unless they violate a constitutional or statutory provision or they are based on a substantial and material error of law." *Id*., citing MCL 24.306(1)(a), (f). "In contrast to MERC's factual findings, its legal rulings 'are afforded a lesser degree of deference' because review of legal questions remains de novo, even in MERC cases." *St Clair Co Ed Ass'n v St Clair Co Intermediate School Dist*, 245 Mich App 498, 513; 630 NW2d 909 (2001) (quotation marks and citations omitted); see also, *Branch Co Bd of Comm'rs v Int'l Union, United Automobile, Aerospace & Agricultural Implement Workers of America, UAW*, 260 Mich App 189, 192-193; 677 NW2d 333 (2003).

The central issue in this case is one of statutory interpretation. The primary goal of statutory interpretation is to ascertain and give effect to the Legislature's intent. *Mich Ed Ass'n v Sec of State (On Reh)*, 489 Mich 194, 217; 801 NW2d 35 (2011). When interpreting a statute, a court must first look to the language of the statute. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). "Statutory language should be construed reasonably, keeping in

---

[1] From the record evidence submitted, it appears that the District does not admit or deny that at the time of the lay-offs the parties had not bargained to impasse.

mind the purpose of the statute." *Rose Hill Ctr, Inc v Holly Twp*, 224 Mich App 28, 32; 568 NW2d 332 (1997). Where a statute defines a term, that definition is controlling. *Haynes v Neshewat*, 477 Mich 29, 35; 729 NW2d 488 (2007). Otherwise, "every word or phrase should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Tuttle v Dep't of State Police*, 269 Mich App 657, 663; 712 NW2d 750 (2005). In other words, the court is to consider "both the plain meaning of the critical word or phrase [and] its placement and purpose in the statutory scheme." *Sun Valley Foods Co*, 460 Mich at 237 (internal quotation marks and citation omitted). "If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted," *Rose Hill*, 224 Mich App at 32, and the "statutory language must be enforced as written." *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012). This Court "may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002).

If "a statute is ambiguous, judicial construction is appropriate," *People v Feezel*, 486 Mich 184, 205; 783 NW2d 67 (2010), and the court may "go beyond the statutory text to ascertain legislative intent." *Whitman v City of Burton*, 493 Mich 303, 312; 831 NW2d 223 (2013). A statute is not ambiguous simply because reasonable minds could differ regarding its meaning. *Mayor of Lansing v Pub Serv Comm*, 470 Mich 154, 165-166; 680 NW2d 840 (2004). Rather, it is ambiguous if one provision "irreconcilably conflict[s]" with another provision or if "it is *equally* susceptible to more than a single meaning." *Id.* at 166 (emphasis in original). In addition, "plain statutory language can be rendered ambiguous by its interaction with other statutes." *Titan Ins Co v State Farm Mut Auto Ins Co*, 296 Mich App 75, 84; 817 NW2d 621 (2012). In construing ambiguous statutory language, a court should give it "the reasonable construction that best accomplishes the purpose of the statute." *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998).

In this case, there is no dispute that the Association and the District were parties to a CBA that was subject to the PERA. Generally, parties covered by a CBA that is subject to the PERA are precluded from taking unilateral action, absent bargaining to impasse. See, generally, *Local 1467 IAFF v City of Portage*, 134 Mich App 466; 352 NW2d 284 (1984). However, in the context of public schools, the Legislature has enacted a series of statutes intended to limit the obligations of public school employers to bargain to impasse. One such statute is at issue here, MCL 423.215(3)(f), which provides as follows:

> (3) Collective bargaining between a public school employer and a bargaining representative of its employees shall not include any of the following subjects:
>
> * * *
>
> (f) The decision of whether or not to contract with a third party for 1 or more *noninstructional support services*; or the procedures for obtaining the contract for noninstructional support services other than bidding described in this subdivision; or the identity of the third party; or the impact of the contract for noninstructional support services on individual employees or the bargaining unit. However, this subdivision applies only if the bargaining unit that is providing the

noninstructional support services is given an opportunity to bid on the contract for the noninstructional support services on an equal basis as other bidders. [Emphasis added.]

In *Pontiac Sch Dist v Pontiac Ed Ass'n*, 295 Mich App 147, 154; 811 NW2d 64 (2012), this Court found that MCL 423.215(3)(f) does not define the phrase "noninstructional support services." Therefore, this Court stated, "the words should be given their plain and ordinary meaning, which may be ascertained through use of a dictionary." *Id.*

In *Pontiac Sch Dist*, and as pointed out by the majority, this Court interpreted the term "noninstructional" as follows:

> The word "non" is defined as "a prefix meaning 'not,' usu. having a simple negative force, as implying a mere negation or absence of something[.]" *Random House Webster's College Dictionary* (2000). The word "instruction" is defined as "the act or practice of instruction or teaching[,] education . . . [;] knowledge or information imparted . . . [;] [or] the act of furnishing with authoritative directions". *Id.* Consequently, the term "instruction" is not ambiguous, but rather is broad in definition because it applies to "knowledge or information imparted" without placing qualifications or restrictions on the type of knowledge or information imparted. It fails to limit the knowledge or information imparted to the core curriculum, as inaccurately contended by the school district. In sum, positions in which individuals impart knowledge or information to students may be subject to collective bargaining under MCL 423.215(3)(f). [*Pontiac Sch Dist*, 295 Mich App at 154.]

Furthermore, this Court held that: "An agency's interpretation of a statute is not binding on the courts, and that interpretation cannot conflict with the Legislature's intent as expressed in the plain language of the statute." *Id.* at 152. As further acknowledged by this Court and set forth in the majority opinion, this Court held that the workers in question, occupational and physical therapists, worked "in conjunction with teachers to impart knowledge and information," and their positions were therefore instructional. *Id.* at 158.

In this case, however, the MERC interpreted *Pontiac Sch Dist* to mean that the focus of *any* inquiry into § 215(3)(f) involves establishing whether a substantial portion of the job at issue involves instruction to students. This Court in *Pontiac Sch Dist* did not so hold because such an interpretation would lead any reviewing agency or court to simply conclude that the phrase "noninstructional *support* services" is read as "noninstructional services."

The MERC reached this result due to its failure to understand the distinctions between the issues presented in *Pontiac Sch Dist* and the issues presented in this case. In *Pontiac Sch Dist*, this Court was not tasked with distinguishing between instructional services and instructional *support* services, as is the case here. Rather, the central issue presented in that case was whether the occupational and physical therapists were engaged in instructional services or non-instructional services. This Court held that the therapists' primary responsibilities were instructional, thus precluding application of MCL 423.215(3)(f). In contrast, the central issue

presented here is whether the primary responsibilities of the secretaries involve instructional *support* or non-instructional *support*.

Initially, it is important to note that nowhere in MCL 423.215(3)(f) will one find the words "substantially instructional." Thus, while use of such verbiage may have been helpful to this Court in its analysis in *Pontiac Sch Dist*, I would hold that, in this case, use of a "substantially instructive" test is of no assistance. I would so hold because if the secretaries' positions are "substantially instructional," then there would be no need to determine if they constitute "support" staff. Thus, employment of the "substantially instructive" test relative to this case negates the word "support" from its analysis and renders it surplusage. See *Apsey v Mem'l Hosp*, 477 Mich 120, 127; 730 NW2d 695 (2007) ("Whenever possible, every word of a statute should be given meaning. And no word should be treated as surplusage or made nugatory"). To read § 215(3)(f) to require, in this instance, a determination of whether a given position is "substantially instructional," as was done by the MERC, contravenes our duty to ensure that "every word or phrase . . . be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Tuttle*, 269 Mich App at 663.

Simply stated, use of the "substantially instructional" test renders the word "support" in MCL 423.215(3)(f) meaningless, leaving that section to read: "the decision of whether or not to contract with a third party for 1 or more noninstructional ~~support~~ services . . . ." Whereas elimination of the term "support" would not have impacted this Court's decision in *Pontiac Sch Dist*, when applied here, it leads to an inaccurate reading of the plain statutory language. Additionally, by reading MCL 423.215(3)(f) in the manner as applied here, the MERC and my colleagues in the majority have omitted the word "support" from the statutory text. To do so is to engage in an improper form of statutory construction because "it is important to ensure that words in a statute not be ignored, treated as surplusage, or rendered nugatory." *Hoste v Shanty Creek Management, Inc*, 459 Mich 561, 574; 592 NW2d 360 (1999); see also *Robertson v DaimlerChrysler Corp*, 463 Mich 993; 625 NW2d 783 (2001). Accordingly, I would hold that the MERC erred as a matter of law by requiring the Association to demonstrate that the services rendered by the secretaries were "substantially instructional." To do so completely ignores the word "support" and thereby greatly expands the reach of MCL 423.215(3)(f) beyond anything comprehended by the Legislature.[2]

The issue then is not whether the secretaries are engaged in "substantially instructional" services, but, whether the secretaries' duties encompass support for instructional or non-instructional staff. Here, contrary to the arguments set forth by the Association, the record is anything but clear. Though the Association provided the MERC with affidavits and the job descriptions of the secretaries, I cannot glean from these records whether the support provided to these various departments and agencies within the RPEA are for instructional or non-instructional purposes. Whereas a secretary for the principal would almost certainly be

---

[2] I would apply the same reasoning in addressing the MERC's decision in *Harrison Community Schools*, 23 MPER 82 (2010), and find that like this Court's decision in *Pontiac Sch Dist*, can be read in harmony with my dissent.

construed as support for instructional staff, I am unclear as to whether the same would apply to a "building secretary," as I am unable to adequately ascertain the scope of those duties from the documents submitted. Testimony to clarify the nature of the work would therefore be necessary before I would be able to hold as a matter of law that such position provided support to instructional staff. Accordingly, I would remand to the MERC to make such factual findings consistent with this opinion.

For the reasons set forth in this opinion, I find that the MERC erred as a matter of law by its application of a "substantially instructive" test to the secretaries at issue in this appeal. This test negated the word "support" from the phrase "noninstructional support staff" found in MCL 423.215(3)(f) and lead to an erroneous legal conclusion. This Court must ensure that words in a statute not be ignored, treated as surplusage, or rendered nugatory. *Hoste*, 459 Mich at 574; *Robertson*, 463 Mich at 993. Because my colleagues in the majority have also reached an erroneous legal conclusion by employing the same legally flawed analysis, I respectfully dissent.

/s/ Stephen L. Borrello