# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID KELLY HUTCHESON,

        Defendant-Appellant.

FOR PUBLICATION
November 13, 2014
9:05 a.m.

No. 313177
Genesee Circuit Court
LC No. 10-027745-FH

Before: FITZGERALD, P.J., and WILDER and OWENS, JJ.

WILDER, J.

Defendant appeals by delayed leave granted to permit a challenge to the scoring of his sentencing guidelines.[1] Defendant pleaded guilty to attempted assault with intent to commit criminal sexual conduct, MCL 750.520g(1), and was sentenced to 36 months' probation. Defendant later pleaded guilty to a violation of his probation, MCL 771.1 *et seq.*, and was resentenced on the original conviction for attempted assault with intent to commit criminal sexual conduct to 29 to 60 months' imprisonment. We reverse.

I

Defendant was the live-in boyfriend of the victim in this case. The victim was sleeping in their home when defendant woke her by putting his hands down her pants. When the victim told defendant to stop, he became angry, punched her, and tried to choke her. After being unable to undress the victim, defendant ordered her to take her pants off. The victim began to comply with defendant's demand out of fear, but as she began taking her pants off, defendant saw her bruised face and told her she needed to go to the hospital. Defendant and the victim left the home as though heading to the hospital, but instead the victim quickly ran to a neighbor's house and called 911. Defendant fled the scene.

Defendant was charged with assault with intent to commit sexual penetration, but by agreement with the prosecutor, he pleaded guilty to the reduced charge of attempted assault with

---

[1] *People v Hutcheson*, unpublished order of the Court of Appeals, entered July 16, 2013 (Docket No. 313177).

intent to commit sexual penetration. At his sentencing hearing on the reduced charge, defendant objected to the scoring of offense variable ("OV") 1 at 10 points and OV 2 at 1 point, arguing that he never used a weapon when he attacked the victim. The trial court overruled the objection, finding that defendant's hands could be considered dangerous weapons under the circumstances of this case. The trial court initially sentenced defendant to 36 months' probation, but defendant subsequently violated his probation by using cocaine. Following his guilty plea on the probation violation, the trial court sentenced defendant to 29 to 60 months' imprisonment.

II

Defendant contends that because he only used his bare hands to assault the victim, the trial court erred by assessing points under OV 1 and OV 2. Defendant further argues that, if these points were improperly scored as he alleges, he is entitled to be resentenced. We agree with both arguments.

A

In an appeal claiming that the scoring of the sentencing guidelines was erroneous, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* The

> goal in interpreting a statute 'is to ascertain and give effect to the intent of the Legislature. The touchstone of legislative intent is the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written.' [*Hardy*, 494 Mich at 439, quoting *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008).]

"Importantly, '[s]tatutory language should be construed reasonably, keeping in mind the purpose of the act,' and to avoid absurd results." *Hodge v US Sec Assoc, Inc*, 306 Mich App 139, ___; ___ NW2d ___ (2014), slip op at 8, quoting *Draprop Corp v City of Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001); see also *People v Tennyson*, 487 Mich 730, 741; 790 NW2d 354 (2010).

B

MCL 777.31(1), providing that "[o]ffense variable 1 is aggravated use of a weapon," also provides, in relevant part:

> Score offense variable 1 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

> (a) A firearm was discharged at or toward a human being or a victim was cut or stabbed with a knife or other cutting or stabbing weapon .. . . . . . . . . 25 points

(b) The victim was subjected or exposed to a harmful biological substance, harmful biological device, harmful chemical substance, harmful chemical device, harmful radioactive material, harmful radioactive device, incendiary device, or explosive device . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20 points

(c) A firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15 points

(d) The victim was touched by any other type of weapon . . . . . . . . . . . 10 points

(e) A weapon was displayed or implied . . . . . . . . . . . . . . . . . . . . . . . . 5 points

(f) No aggravated use of a weapon occurred . . . . . . . . . . . . . . . . . . . . . 0 points

We conclude that defendant credibly argues that, under the facts in this case, defendant's use of his bare hands to attack the victim did not support the assessment of 10 points under MCL 777.31(1)(d). In *People v Lange*, 251 Mich App 247, 256-257; 650 NW2d 691 (2002), this Court, examining both Michigan jurisprudence regarding the definition of "weapon" as used in other criminal statutes as well as dictionary definitions, concluded that the term "weapon" should be defined as an " '*article or instrument . . . used . . . for bodily assault or defense*,' " *id.*, quoting *People v Vaines*, 310 Mich 500, 505-506; 17 NW2d 729 (1945), or "any instrument . . . used for attack or defense in a fight or in combat," *id.*, quoting *Random House Webster's College Dictionary* (1997). An "article" is defined as "a thing or person of a particular and distinctive kind or class." *Merriam Webster's Collegiate Dictionary* (2003). An "instrument" is defined as "one used by another as a means or aid." *Id.* Applying these definitions of article and instrument to the instant case, we conclude that an offender's bare hands cannot be treated as weapons under OV 1 because, unlike a gun or a knife, hands are not an article distinct from the particular offender. Likewise, the offender's bare hands are not an instrument "used by another;" rather, the offender's hands are an integral part of, and not separate from, the offender.

Moreover, as this Court has explained, a weapon can be either animate or inanimate. See *People v Kay*, 121 Mich App 438, 443-444; 328 NW2d 424 (1982). For example, in *Kay*, this Court found that a car driven on the streets of Flint and used to attack a person so as to inflict injury, and a horse ridden under similar circumstances so as to inflict injury on a victim on Mackinac Island, both would be considered to be dangerous weapons. *Id.* If the car or horse touches the victim in the course of being used as a weapon, a score of 10 points under OV 1 would be warranted. But it would be absurd to find that the offender is also a weapon in that scenario because his or her bare hands were used to steer the car or pull on the reins. *Hodge*, 306 Mich App at ___; slip op at 8. We conclude that an offender can only be scored 10 points under OV 1 if a victim was touched by a weapon distinct from the offender, and an offender's bare hands do not satisfy that test.

We further note that, in the context of defining the term "dangerous weapons" in the felonious assault statute, MCL 750.82, this Court has held that where a defendant used his bare hands, *People v Van Diver*, 80 Mich App 352, 356; 263 NW2d 370 (1977), or teeth, *People v Malkowski*, 198 Mich App 610, 614; 499 NW2d 450 (1993), overruled on other grounds by

*People v Edgett*, 220 Mich App 686 (1996), the evidence did not support a finding that the defendant used a "dangerous weapon." This Court identified four other assault statutes including " '[a]ssault and infliction of serious injury' (commonly referred to as aggravated assault), MCL 750.81a," which unlike felonious assault, do not require the use of a dangerous weapon:

> If we were to rule that bare hands could be a dangerous weapon, it would lead to anomalous results, for practically every assault that would qualify as an aggravated assault . . . would also be capable of prosecution as an assault with a dangerous weapon . . . It is our belief that the Legislature did not contemplate this result but instead intended that the statutes should be distinct and separate.

Here too, if a weapon is construed to include an offender's bare hands under OV 1, every offender who touches a victim during the commission of an offense may conceivably be subject to a 10 point score. Such a construction of OV 1 does not appear to have been contemplated by the Legislature, and we decline to adopt it.

In conclusion, we hold that an offender's bare hands do not qualify as a weapon under MCL 777.31, and that the trial court erred by assessing 10 points for OV 1 because defendant used only his bare hands, and no distinct weapon, to assault the victim.

C

MCL 777.32 scores the "lethal potential of the weapon possessed or used." MCL 777.32(1). If "[t]he offender possessed or used any other potentially lethal weapon," MCL 777.32(1)(e), besides a harmful biological substance or device, a harmful chemical substance or device, an incendiary or explosive device, a fully automatic weapon, a firearm, or a cutting or stabbing weapon, one point should be assessed. MCL 777.32(1)(a)-(e). If "[t]he offender possessed or used no weapon," zero points should be assessed. MCL 777.32(1)(f).

Because defendant's bare hands do not qualify as a weapon under OV 1, necessarily, zero points should have been assessed under OV 2 because defendant "possessed or used no weapon" when he assaulted the victim. MCL 777.32(1)(f). Therefore, the trial court erred by scoring any points under OV 2.

III

Defendant was originally scored a total of 55 prior record variable (PRV) points and 36 OV points, placing him in PRV level E and OV level III, with a minimum sentencing guidelines range of 14 to 29 months. MCL 777.66. Reducing the scores for OV 1 and OV 2 to zero will reduce the total OV points to 25, which places defendant in a different sentencing cell with a minimum sentencing guidelines range of 12 to 24 months. *Id*. An erroneous scoring of a guidelines variable requires resentencing if the error alters the recommended minimum sentencing guidelines range. *People v Jackson*, 487 Mich 783, 793-794; 790 NW2d 340 (2010). Because the trial court's errors in scoring OV 1 and OV 2 altered defendant's minimum sentencing guidelines range, resentencing is required.

Reversed and remanded for resentencing. We do not retain jurisdiction.

/s/ Kurtis T. Wilder
/s/ E. Thomas Fitzgerald
/s/ Donald S. Owens