# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

VERNON DEAN RICHARDSON,

Defendant-Appellant.

UNPUBLISHED
October 13, 2016

No. 327729
Wayne Circuit Court
LC No. 14-004105-01-FC

Before: SAAD, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Vernon Dean Richardson, appeals by right his bench convictions of three counts of attempted first-degree criminal sexual conduct (CSC-I) involving a person under 13 years of age. See MCL 750.520b(1)(a); MCL 750.92. The trial court sentenced him to serve concurrent prison terms of 57 months to 10 years on each count. For the reasons more fully explained below, we remand for resentencing.

## I. BASIC FACTS

The victim testified about three incidents involving penile-anal penetration by Richardson during the time that Richardson lived with her and her mother. The trial court found the victim to be credible, but nevertheless stated that it was not convinced beyond a reasonable doubt that Richardson committed a sexual penetration. Instead, it found him guilty of three counts of attempting to commit CSC-I.

## II. SENTENCING

### A. STANDARDS OF REVIEW

On appeal, Richardson argues that the trial court erred when it scored offense variables (OVs) 3 and 10. This Court reviews a trial court's findings of fact at sentencing for clear error. *People v Hutcheson*, 308 Mich App 10, 12-13; 865 NW2d 44 (2014). However, we review de novo whether the trial court properly applied sentencing guidelines to the facts. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

## B. OV 3

Richardson argues that the trial court incorrectly scored OV 3 at 10 points. The trial court had to score ten points under OV 3 if "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33(1)(d). " '[R]equiring medical treatment' refers to the necessity for treatment and not the victim's success in obtaining treatment." MCL 777.33(3). The court assessed 10 points under OV 3 after it found that the victim's mother reasonably had her daughter tested for a sexually transmitted disease.

The term " 'bodily injury' encompasses anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011). This includes actually infecting someone with a sexually transmitted disease. *Id.* This Court has similarly held that deliberately exposing someone to a pathogen during the commission of a criminal offense may support a score under OV 1, which addresses the use of a weapon. See *People v Odom*, 276 Mich App 407, 411-413; 740 NW2d 557 (2007) (holding that HIV tainted blood is a harmful biological substance for purposes of scoring OV 1 where the defendant spit the infected blood at an officer and the officer had to seek medical treatment as a precaution against infection). However, the phrase bodily injury does not appear to encompass possible injury and, in this case, it is undisputed that the victim did not become infected with a sexually transmitted disease. As such, she did not suffer a bodily injury requiring medical treatment within the meaning of MCL 777.33(3). Therefore, there was insufficient record evidence to support the trial court's finding. *Hardy*, 494 Mich at 438.

The prosecution argues that even if the trial court erred in assessing points on the basis of the desire for medical treatment after a possible exposure to a pathogen, it should nonetheless be affirmed because the medical records documented a vaginal injury. Importantly, however, neither the trial court nor the sentencing court made any findings regarding the cause of the victim's vaginal injury. See *People v Laidler*, 491 Mich 339, 345; 817 NW2d 517 (2012) (reading OV 3 as requiring factual causation). Accordingly, OV 3 should have been scored at zero points. See MCL 777.33(1)(f) (providing that zero points be assessed under OV 3 when "[n]o physical injury occurred to a victim").

## C. OV 10

"Offense variable 10" addresses the perpetrator's "exploitation of a vulnerable victim." MCL 777.40(1). "Vulnerability means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c) (internal quotation marks omitted). When "[p]redatory conduct was involved," OV 10 should be scored at 15 points. MCL 777.40(1)(a). Ten points are scored for OV 10 where "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b).

At sentencing, Richardson's trial lawyer "acknowledged that the score should be ten points for the youth or age of the victim here," but argued that the prosecution's request for 15 points was improper because there was no evidence of predatory conduct. The sentencing court

agreed with Richardson's lawyer and assessed 10 points for OV 10. Because Richardson's lawyer conceded that OV 10 was appropriately scored at 10 points, any challenge based on that score is waived. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000).

Richardson, nevertheless, argues that his trial lawyer's decision to waive that error amounted to ineffective assistance. See *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). In order to establish ineffective assistance, Richardson must show that his trial lawyer's decision to agree to the score fell below an objective standard of reasonableness under prevailing professional norms and that there is a reasonable probability that, but for the decision, the outcome would have been different. *People v Gioglio (On Remand)*, 296 Mich App 12, 22; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864. "There is a presumption that counsel was effective, and a defendant must overcome the strong presumption that counsel's challenged actions were sound trial strategy." *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015). Because the trial court did not hold an evidentiary hearing on this issue, our review is limited to mistakes apparent on the record. *Heft*, 299 Mich App at 80.

Richardson appears to argue that his trial counsel provided ineffective assistance in agreeing to scoring OV 10 at 10 points because there was no evidence of predatory conduct. See MCL 777.40(3)(a) (" 'Predatory conduct' means preoffense conduct directed at a victim . . . for the primary purpose of victimization"). However, the trial court did not score this OV on the basis of predatory conduct. Thus, to the extent that he is arguing that OV 10 was scored on the basis of predatory conduct, he has failed to "establish[] the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

And there is no error in scoring 10 points for OV 10 as the victim's age when the sentencing offenses occurred evidences her vulnerability. See, e.g., *People v Johnson*, 474 Mich 96, 103; 712 NW2d 703 (2006). "[D]efense counsel is not required to make a meritless request or objection." *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014).

III. CONCLUSION

As scored below, Richardson's recommended minimum sentence range under the guidelines was 19 to 57 months. Subtracting the 10 points erroneously scored under OV 3 from his total OV score changes the recommended minimum range. See MCL 777.66; MCL 777.21(3)(b). Accordingly, he is entitled to be resentenced. *People v Portellos*, 298 Mich App 431, 452; 827 NW2d 725 (2012).

We vacate Richardson's sentence and remand for resentencing. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Kathleen Jansen
/s/ Michael J. Kelly

-3-