# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JEFFREY DANIEL SCHALK,

Defendant-Appellant.

UNPUBLISHED
January 10, 2017

No. 329483
Bay Circuit Court
LC No. 14-010510-FH

Before: WILDER, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of domestic assault for physically attacking his wife in their home. Defendant challenges the admission of testimony from a responding officer regarding his wife's comments on the day of the offense. Defendant also claims as error the trial court's use of his alleged perjury to score Offense Variable 19. We discern no error in either regard and affirm.

## I. BACKGROUND

Defendant's conviction arises from a violent domestic dispute with his wife, JS. JS testified that defendant returned home one evening drunk and stumbled upstairs to go to bed. JS then searched defendant's cell phone and found objectionable material. She went upstairs to confront him. JS described that in response to her questions, defendant jumped up and began to strangle her. Defendant's four children, two of whom were also JS's, had followed her upstairs. They ran away to summon their grandfather, Victor Schalk, who also lived in the home. JS pulled free, ran into the children's bedroom, and tried to hide on a bunk bed. She asserted that defendant followed her, pulled her off the bed, and kicked her with his steel-toe boots. Defendant stopped when Victor entered the room. He then escaped downstairs.

JS followed defendant downstairs, yelling at him. Defendant went outside and JS locked the screen door in an attempt to prevent defendant's reentry. This was ineffective. Defendant forcefully pulled open the locked door and punched JS twice in the face and twice in the back of the head. As a result of these blows, JS suffered cuts around both eyes. One required stitches and the other medical adhesive to seal. Defendant again left the home and JS called 911.

Defendant and Victor denied that defendant assaulted JS. They claimed that JS was hysterical, throwing things around the house and attacking Victor. Victor explained that JS hit

-1-

her head on a table or a bookcase. Defendant claimed that JS was not injured when he left the home.

The jury convicted defendant of domestic assault in connection with this incident, but acquitted him of assault by strangulation. Defendant now appeals.

## II. HEARSAY EVIDENCE

On cross examination by defendant's counsel, JS conceded that the "witness interview" section of the police report did not include her allegation that defendant had kicked her. The report also omitted any mention of an attack in the marital bedroom. Instead, the interview section described that defendant strangled and hit JS in the children's bedroom. JS explained, "They might've misunderstood what I was saying."

The officers who responded to the scene both testified at trial. Bay City police officer Scott Senk indicated that he was a trainee at the time. When the officers entered, JS appeared "shaken up" and "distraught" and was holding a bloody "rag" to her head. JS continued to bleed from her head wounds throughout his interview. Senk noted marks on JS's neck and asked her about them. Senk testified, "She said that [defendant] had grabbed her from behind around the neck." Senk's supervising officer, Rodrick Schanck, also described JS as being in an excited state when they arrived: "She was very, obviously, upset; she was crying; in obvious pain; and upset about what had happened."

Defendant contends that Senk's testimony about JS's report that defendant grabbed her around the neck was inadmissible hearsay. Defendant did not object to this testimony at trial and his challenge is therefore unpreserved. Defendant contends that his counsel was ineffective for failing to challenge the statement's admission. The statement was admissible under the excited utterance exception to the hearsay rule, MRE 803(2), and therefore counsel had no ground to object.

We generally review for an abuse of discretion a trial court's decision to admit evidence at trial. *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012). Where, as here, the challenge in unpreserved, our review is limited to plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

" 'Hearsay' is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is generally inadmissible except as otherwise provided by the rules of evidence. MRE 802; *People v Duncan*, 494 Mich 713, 724; 835 NW2d 399 (2013). One such exception is for excited utterances.

An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." MRE 803(2). "A statement is admissible under this exception if (1) there was a startling event and (2) the resulting statement was made while the declarant was under the excitement caused by that event." *People v Layher*, 238 Mich App 573, 582; 607 NW2d 91 (1999). The rationale for this exception is that "a person who is still under the 'sway of excitement precipitated by an external startling event will not have the reflective capacity essential for fabrication so that any utterance

will be spontaneous and trustworthy.' " *People v Smith*, 456 Mich 543, 550; 581 NW2d 654 (1998), quoting 5 Weinstein, Evidence (2d ed), § 803.04[1], p 803-19. "The pertinent inquiry is not whether there has been time for the declarant to fabricate a statement, but whether the declarant is so overwhelmed that she lacks the capacity to fabricate." *People v McLaughlin*, 258 Mich App 635, 659-660; 672 NW2d 860 (2003); *Layher*, 238 Mich App at 583. Whether a statement made in response to questioning qualifies as an excited utterance "depends on the circumstances of the questioning and whether it appears that the statement was the result of reflective thought." *Smith*, 456 Mich at 553.

Both responding officers described JS as being "under the stress of excitement" caused by the attack at the time of her police interview. JS was emotionally distraught and in physical pain. JS stated that defendant had attempted to choke her in response to questions about the visible marks on her neck. There simply is no indication that JS had the time or the emotional wherewithal to fabricate this information. And given her immediate response to Officer Senk's question, there is no evidence that JS invented this detail to bolster her account. Accordingly, Senk's testimony regarding JS's statement was admissible as an excited utterance. Defense counsel cannot be deemed ineffective for failing to challenge its admission. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

### III. SENTENCING

Defendant further contends that he is entitled to resentencing because the trial court improperly scored OV 19. We review for clear error challenges to the scoring of offense variables and must consider whether a preponderance of the evidence supports the subject score. *People v Hutchinson*, 308 Mich App 10, 12-13; 865 NW2d 44 (2014). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

MCL 777.49(c) provides for the assignment of 10 points for OV 19 where the offender "interfered with or attempted to interfere with the administration of justice." Here, the trial court indicated that the evidence presented exposed defendant's exculpatory "testimony" as "a bold face lie," implying that defendant perjured himself. This amounted to an interference with the administration of justice in the court's estimation.

It is well established that a defendant's perjury is an obstruction of justice and "provides a basis for scoring OV 19." *People v Underwood*, 278 Mich App 334, 339; 750 NW2d 612 (2008). See also *United States v Dunnigan*, 507 US 87, 93-94; 113 S Ct 1111; 122 L Ed 2d 445 (1993); *United States v McGiffen*, 267 F3d 581, 591 (CA 7, 2001). Indeed, defendant concedes that the court could base its OV 19 score on perjury. However, defendant argues, "the trial court did not make specific findings concerning how [defendant] perjured himself. Instead, the trial court merely said that his testimony 'was a bold face lie.' "

When a court sits as the finder of fact, such as at a sentencing hearing, "the court shall find the facts specially. . . ." MCR 2.517(A)(1). "Brief, definite, and pertinent findings and

conclusions on the contested matters are sufficient, without over-elaboration of detail or particularization of facts." MCR 2.517(A)(2).

Although the court did not specifically parse defendant's testimony and identify the perjurious statements, defendant's testimony was completely contrary to JS's and to the physical evidence of her injuries. Defendant claimed that he only touched JS once in order to prevent her from kicking him. JS, on the other hand, described that defendant choked, kicked, and punched her several times. Photographs of JS's injuries supported her claim. And the responding officers and the police report indicated that Victor initially admitted to the police that defendant had struck JS. The court recounted this evidence at a different point of the sentencing hearing, but this description of the record also supported the court's finding that defendant perjured himself. We discern no ground for relief.[1]

We affirm.

/s/ Kurtis T. Wilder
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher

---

[1] Defendant does not raise any challenge to his sentence being based on judicial fact-finding. Even so, the prosecution addresses *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), in its responsive brief. Sentencing in this case occurred one month after *Lockridge* was decided. We assume that the trial court proceeded on the knowledge that the legislative sentencing guidelines are advisory only and that the court could base its sentencing decision on judge-found facts.