*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON JAY ROBINSON,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2021

No. 348217
St. Clair Circuit Court
LC No. 18-000145-FC

Before: MURRAY, C.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as if on leave granted the trial court's scoring of Offense Variable (OV) 1 and OV 3. This Court initially denied leave to appeal for lack of merit in the grounds presented, *People v Robinson*, unpublished order of the Court of Appeals, entered May 15, 2019 (Docket No. 348217), but our Supreme Court, in lieu of granting leave to appeal, remanded for consideration as on leave granted. *People v Robinson*, 505 Mich 994; 939 NW2d 256 (2020). We affirm.

## I. BACKGROUND

In September 2015, Robert Vaneck witnessed defendant stealing items from the Port Huron Yacht Club. Vaneck confronted defendant and saw property that he recognized as belonging to the yacht club in the back of defendant's van. During the confrontation, defendant hit Vaneck in the head with a vise grip. Vanek's resulting injury required him to go to the hospital and get stitches. A description of some of the property missing from the yacht club's shed matched the description of the property Vaneck saw in defendant's van. At the plea hearing, defendant admitted that he broke into six boats and a shed at the yacht club on the date in question. Defendant further admitted that he hit Vaneck in the head with a vise grip "at that site at that same date and time[.]" Defendant pleaded guilty to seven counts of breaking and entering a building with intent to commit larceny (breaking and entering), MCL 750.110, and one count of assault with a

dangerous weapon (felonious assault), MCL 750.82.[1] The trial court sentenced defendant, as a third-offense habitual offender, 769.11, to concurrent terms of 8 to 20 years' imprisonment for each conviction of breaking and entering and six to eight years' imprisonment for felonious assault.

The sentencing offense pursuant to which the trial court calculated defendant's sentence was breaking and entering. In relevant part, the trial court assessed OV 1 and OV 3 at 10 points each. After sentencing, defendant filed a motion to correct an invalid sentence. In his motion, defendant argued, in relevant part, that he was entitled to resentencing because the trial court incorrectly scored OV 1 and OV 3 by considering conduct that occurred separately from the sentencing offense. The trial court held a hearing on defendant's motion and found that the conduct in question occurred while the breaking and entering was still ongoing. The trial court therefore ordered OV 1 and OV 3 to remain scored at 10 points each and denied defendant's request for resentencing.

Defendant filed a delayed application for leave to appeal with this Court, arguing consistently with his motion below. This Court issued a peremptory order vacating defendant's sentence for felonious assault and remanding the case for resentencing in accordance with the two-thirds rule set forth in *People v Tanner*, 387 Mich 683, 690; 199 NW2d 202 (1972). *People v Robinson*, unpublished order of the Court of Appeals, entered May 15, 2019 (Docket No. 348217). The panel denied defendant's application for leave to appeal on all other grounds presented for lack of merit. *Id*. Defendant then filed an application for leave to appeal to our Supreme Court, again arguing consistently with his motion below. In lieu of granting leave to appeal, our Supreme Court remanded the case to this Court for consideration as on leave granted and instructed this Court to analyze whether the trial court correctly scored OV 1 and OV 3. *Robinson*, 505 Mich at 994. The Court's order contained a reference to *People v McGraw*, 484 Mich 120, 135 n 45; 771 NW2d 655 (2009).[2] *Robinson*, 505 Mich at 994.

## II. SCORING OF OFFENSE VARIABLES

"When reviewing a trial court's scoring decision, the trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Baskerville*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 345403); slip op at 7 (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. (quotation marks and

---

[1] Defendant was charged with seven counts of breaking and entering, MCL 750.110, one count of felonious assault, MCL 750.82, and one count armed robbery, MCL 750.529. In exchange for defendant's plea, the prosecution dismissed the armed robbery charge and reduced defendant's status from a fourth-offense habitual offender, MCL 769.12, to a third-offense habitual offender, MCL 769.11.

[2] Footnote 45 read, "There is no need for us to determine precisely when the breaking and entering offense was completed for purposes of scoring the sentencing guidelines in this case; it is clear that defendant's flight from the police and the subsequent events involved here were far beyond and removed from the sentencing offense." *McGraw*, 484 Mich at 135 n 45.

citation omitted). "A trial court's findings of fact are clearly erroneous if, after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake." *People v Carlson*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 344674); slip op at 2, lv pending. "A trial court may consider all record evidence when calculating the sentencing-guidelines range." *People v Savage*, 327 Mich App 604, 617; 935 NW2d 69 (2019).

"[T]he offense variables are scored by reference only to the sentencing offense, except where specifically provided otherwise." *People v Biddles*, 316 Mich App 148, 165; 896 NW2d 461 (2016) (quotation marks and citation omitted; alteration in original). "The sentencing offense is defined as the crime of which the defendant has been convicted and for which he or she is being sentenced." *People v Carpenter*, 322 Mich App 523, 528; 912 NW2d 579 (2018) (quotation marks and citation omitted; alteration in original). "[A] trial court is not required to independently score the guidelines for and sentence the defendant on each of his concurrent convictions if the court properly score[s] and sentence[s] the defendant on the conviction with the highest crime classification . . . ." *People v Reynolds*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 345813); slip op at 3 (quotation marks and citation omitted; second and third alterations in original).

When calculating offense-specific OVs, a trial court can only consider the sentencing offense. *People v Chelmicki*, 305 Mich App 58, 72; 850 NW2d 612 (2014) (quotation marks and citation omitted). "However, in doing so, a trial court may properly consider all of defendant's conduct during that offense." *Id*. (quotation marks and citation omitted). In *McGraw*, our Supreme Court considered whether the trial court correctly scored OV 9, an offense-specific variable, where the sentencing offense was breaking and entering. *McGraw*, 484 Mich at 132-134. The Court concluded that the trial court incorrectly considered conduct the defendant engaged in after the breaking and entering occurred; specifically, fleeing and eluding a police officer. *Id*. In finding that this conduct fell outside the sentencing offense and therefore was improperly considered, our Supreme Court noted that the breaking and entering was *complete* when the defendant fled from the police officer. *Id*. at 134-135. Although the Court declined to determine when exactly the breaking and entering was considered "complete," it noted that the police officer did not pursue the defendant from the scene of the crime; rather, "[t]he police officer spotted the getaway vehicle on the road away from the crime site." *Id*. at 132 n 39, 135 n 45. The Court stated that "it is clear that [the] defendant's flight from the police and subsequent events involved here were *far beyond and removed from the sentencing offense*." *Id*. at 135 n 45 (emphasis added). Thus, while a trial court may consider all of defendant's conduct during the sentencing offense, *Chelmicki*, 305 Mich App at 72, it may not consider conduct that occurred after the completion of the sentencing offense. *McGraw*, 484 Mich at 135.

## A. OV 1

Defendant argues that the trial court incorrectly assessed 10 points for OV 1. Specifically, defendant argues that the trial court improperly considered conduct outside of the sentencing offense because defendant struck Vanek with the vice grips during a separate offense, not while breaking and entering. We disagree.

"MCL 777.31 governs the scoring of OV 1 and pertains to the aggravated use of a weapon." *People v Bosca*, 310 Mich App 1, 49; 871 NW2d 307 (2015). OV 1 "provides, in relevant part,

that 10 points may be assessed if [t]he victim was touched by any other type of weapon." *Chelmicki*, 305 Mich App at 71 (quotation marks and citation omitted; alteration in original). Michigan courts have defined "weapon" as "an article or instrument . . . used . . . for bodily assault or defense, or any instrument . . . used for attack or defense in a fight or in combat." *People v Hutcheson*, 308 Mich App 10, 14; 865 NW2d 44 (2014) (quotation marks, citations, and emphasis omitted). "[O]bjects that are not dangerous weapons unless turned to such purpose" qualify as weapons pursuant to MCL 777.31. *Bosca*, 310 Mich App at 49-50 (quotation marks and citation omitted). "OV 1 is an offense-specific variable[.]" *Chelmicki*, 305 Mich App at 72 (quotation marks and citation omitted).

The trial court did not clearly err by assessing 10 points for OV 1. At the plea hearing, defendant affirmed that he hit Vanek in the head with the vise grip at the yacht club. He further affirmed that he did so at the "same date and time" that he broke into the boats and the shed. The vise grip qualified as a weapon for purposes of OV 1 because defendant used it "for attack." *Hutcheson*, 308 Mich App at 14. In assessing 10 points for OV 1, the trial court reasoned that the breaking and entering was still ongoing when defendant hit Vanek with the vise grip. Unlike in *McGraw*, where the defendant had already fled from the scene of the crime at the time the conduct in question occurred, *McGraw*, 484 Mich at 132 n 39, 135 & n 45, Vanek encountered defendant while defendant was still on the yacht club property, loading property stolen from the yacht club's shed into his van. The facts of this case are therefore distinct from *McGraw*, and it is not clear here that the conduct considered—hitting Vanek with the vise grips—was "far beyond and removed" from the breaking and entering. *Id*. at 135 n 45. On this record, we are not left with a definite and firm conviction that the trial court mistakenly assessed 10 points for OV 1 pursuant to its finding that the conduct in question occurred during the commission of the breaking and entering. *Carlson*, ___ Mich App at ___; slip op at 2.

## B. OV 3

Defendant also argues that the trial court incorrectly assessed 10 points for OV 3. Specifically, defendant argues that the trial court improperly considered conduct outside of the sentencing offense because Vanek's injury resulted from defendant striking him during a separate offense, not while breaking and entering. We disagree.

"Points are assessed under OV 3 for physical injury to a victim, MCL 777.33(1), and a score of 10 points is warranted when [b]odily injury requiring medical treatment occurred to a victim, MCL 777.33(1)(d)." *People v Lampe*, 327 Mich App 104, 112; 933 NW2d 314 (2019) (quotation marks omitted; alteration in original). "As defined by this Court, the term 'bodily injury' encompasses anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *Id*. at 112-113 (quotation marks and citation omitted). OV 3 is an offense-specific variable. *Biddles*, 316 Mich App at 165. There must be a causal link between the sentencing offense and the injury supporting the scoring of OV 3. See *id*. ("On examination of the remaining provisions in OV 3 . . . none would apply, considering the lack of a causal link between [the] defendant's [sentencing offense] and [the victim's] death.").

The trial court did not clearly err by assessing 10 points for OV 3. At the plea hearing, defendant affirmed that he hit Vanek in the head with a vise grip. Vanek had to go to the hospital and get stitches as a result of defendant hitting him with the vise grip. In assessing 10 points for

OV 3, the trial court reasoned that defendant struck Vanek while the breaking and entering was ongoing. This finding establishes a causal link between the breaking and entering and Vanek's injury. As already discussed, the facts of this case are distinct from those in *McGraw*; unlike in *McGraw*, it is not clear that the conduct at question here was removed from the breaking and entering. *McGraw*, 484 Mich at 132 n 39, 135 & n 45. On this record, we are not left with a definite and firm conviction that the trial court mistakenly assessed 10 points for OV 3 pursuant to its finding that the conduct in question occurred during the commission of the breaking and entering. *Carlson*, ___ Mich App at ___; slip op at 2.

"A defendant is entitled to be sentenced according to accurately scored guidelines and on the basis of accurate information." *McGraw*, 484 Mich at 131. If a defendant's OVs "were scored on the basis of accurate information, he is not entitled to resentencing." *People v Walden*, 319 Mich App 344, 350; 901 NW2d 142 (2017). Because the trial court did not err in its scoring of OV 1 and OV 3, defendant's OVs were scored on the basis of accurate information. *Id*. He therefore is not entitled to resentencing. *Id*.

Affirmed.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens