*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 18, 2023

Plaintiff-Appellee,

v

No. 358619
Shiawassee Circuit Court
LC No. 2021-005355-FH

NATHANIEL GABRIEL BROCK,

Defendant-Appellant.

Before: GLEICHER, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

A jury convicted defendant, Nathaniel Brock, of first-degree home invasion, MCL 750.110a(2), and assault and battery, MCL 750.81(1), for unlawfully entering the home of Kevin Richter and assaulting him. Brock contends that his trial counsel was ineffective for failing to request certain jury instructions and that the trial court erroneously scored three offense variables when imposing sentence. These challenges lack merit. We affirm.

## I. BACKGROUND

Shannon Wilson lived with Richter, her ex-fiancé, and their young daughter. In the year leading up to the current events, Wilson had ended her relationship with Richter, moved in with Brock, and became pregnant with Brock's child. Wilson moved back in with Richter when her relationship with Brock hit a rough patch.

On December 6, 2020, Brock picked Wilson up from Richter's home and brought her back to his house. Shortly thereafter, Richter sent a text message to Wilson stating that if she continued seeing Brock she would need to find a new place to live. Wilson feared that if she did not comply, Richter would block her access to their child. Brock was angered by this threatening message. Brock drove Wilson to Richter's house. While Wilson sat in the vehicle, Brock entered the house and walked into the kitchen.

Inside the home, Brock told Richter to go outside so that they could "settle this once and for all." Richter ordered Brock out of his home and indicated that he would not fight Brock as his young daughter was in the home. Wilson and Richter both testified that Brock swung his fist at

Richter while the two were on the porch steps and that the fight continued onto the home's enclosed porch. Wilson attempted to break up the fight and was struck in the process.[1] Richter suffered significant head wounds that required 10 staples to close and left permanent scars. Richter testified that he believed Brock used brass knuckles based on the extent of his head injuries.

Brock took the stand in his own defense. Brock testified that Richter was standing in the doorway when he and Wilson arrived at the home, and was not inside the kitchen. Brock contended that he placed his hand on Richter's chest and that Richter then threw the first porch. Brock described that the fight started outside but spilled onto the enclosed porch. Brock denied that he entered the home before that point.

As noted, the jury convicted Brock of first-degree home invasion and assault and battery. At sentencing, the trial court overruled multiple defense objections to the scoring of offense variables (OVs) and sentenced Brock, within the guidelines range, to 100 to 320 months' imprisonment for the home invasion conviction.

After sentencing, Brock filed a motion for a new trial, arguing that his trial counsel was ineffective for failing to request jury instructions on specific intent, entry without permission, and third-degree home invasion. Brock also filed a motion for resentencing, arguing that OVs 1, 2, and 9 were scored incorrectly and that his sentence was disproportionate and unreasonable. The trial court denied both motions. Brock appeals.

## II. INEFFECTIVE ASSISTANCE

Brock argues that his trial counsel was ineffective for failing to request jury instructions on specific intent, entering without permission, and third-degree home invasion. We can adequately review these challenges from the existing record and discern no need to remand for an evidentiary hearing on this issue.

To establish the right to a new trial based on the ineffective assistance of counsel, a defendant must satisfy two components: "First, the defendant must show that counsel's performance was deficient . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To establish that counsel's performance was deficient, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Solmonson*, 261 Mich App at 663. To establish prejudice, the defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceedings would have differed. *Id.* at 663-664.

"A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her." *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). "Jury instructions must clearly present the case and the applicable law to the jury." *People v*

---

[1] The prosecution dismissed a charge of a domestic violence charge arising from that blow before trial.

*McGhee*, 268 Mich App 600, 606; 709 NW2d 595 (2005).

> Jury instructions must include all the elements of the offenses charged against the defendant and any material issues, defenses, and theories that are supported by the evidence. Jury instructions are reviewed in their entirety, and there is no error requiring reversal if the instructions sufficiently protected the rights of the defendant and fairly presented the triable issues to the jury. [*Dobek*, 274 Mich App at 82 (citations omitted).]

Brock first contends that he was entitled to an instruction on specific intent in relation to his first-degree home invasion charge. MCL 750.110a(2) defines this offense as follows:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> (a) The person is armed with a dangerous weapon.
>
> (b) Another person is lawfully present in the dwelling.

MCL 750.110a(2) allowed the prosecution in this case to prove first-degree home invasion under one of two different theories: (1) that Brock had the intent to commit an assault when he entered Richter's home, or (2) that Brock committed an assault at any time while he was entering, present in, or exiting Richter's home. The first theory requires a showing of specific intent; the second does not. The prosecution proceeded under the second theory, so specific intent was not a required element. The trial court properly used M Crim JI 25.2c to instruct the jury on the required elements according to the prosecution's theory. Brock now argues that his counsel should have requested a specific intent instruction. Such an instruction was not warranted under the prosecution's theory of the case and defense counsel cannot be deemed ineffective for failing to request it. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Brock also argues that his trial counsel should have requested instructions on the lesser offenses of entering without permission and third-degree home invasion. "A lesser offense is necessarily included in the greater offense when the elements necessary for the commission of the lesser offense are subsumed within the elements necessary for the commission of the greater offense." *People v Wilder*, 485 Mich 35, 41; 780 NW2d 265 (2010). A defendant is entitled to an instruction on a necessarily included lesser offense "if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Lowery*, 258 Mich App 167, 173; 673 NW2d 107 (2003). See also *People v Reese*, 466 Mich 440, 446; 647 NW2d 498 (2002).

The Michigan Supreme Court has held that "entering without permission is a necessarily included lesser offense of first-degree home invasion." *People v Silver*, 466 Mich 386, 392; 646

NW2d 150 (2002). The answer is not so straightforward in relation to the third-degree home invasion issue. "[B]oth first-degree home invasion and third-degree home invasion can be committed in several different ways, each of which involves alternative elements necessary to complete the crime." *Wilder*, 485 Mich at 43.

> [A] more narrowly focused evaluation of the statutory elements at issue is necessary when dealing with degreed offenses that can be committed by alternative methods. Such an evaluation requires examining the charged predicate crime to determine whether the alternative elements of the lesser crime committed are subsumed within the charged offense. As long as the elements at issue are subsumed within the charged offense, the crime is a necessarily included lesser offense. Not all possible statutory alternative elements of the lesser offense need to be subsumed within the elements of the greater offense in order to conclude that the lesser offense is a necessarily included lesser offense. Accordingly, in order to determine whether the specific elements used to convict defendant of third-degree home invasion in this case constitute a necessarily included lesser offense of first-degree home invasion, one must examine the offense of first-degree home invasion as charged and determine whether the elements of third-degree home invasion as convicted are subsumed within the charged offense. [*Id*. at 44-45.]

As charged by the prosecution in this case, the elements of first-degree home invasion were (1) a person enters a dwelling without permission, (2) at any time while entering, present in, or exiting the dwelling commits an assault, and (3) another person is lawfully present in the dwelling. MCL 750.110a(2). Third-degree home invasion does not require the lawful presence of another person in the dwelling and the elements are satisfied if the defendant commits a misdemeanor while entering, present in, or exiting the dwelling. MCL 750.110a(4)(a). The prosecution contends that third-degree home invasion is only a cognate offense in this case as the greater offense requires proof of an assault and the lesser only proof of a misdemeanor. However, even accepting that third-degree home invasion is a necessarily included lesser offense, counsel was not ineffective for failing to request the instruction in this case.

If supported by a rational view of the evidence, the trial court would be required to give instructions on the necessarily included lesser offenses of entering without permission and third-degree home invasion. Indeed, there was conflicting evidence given by the parties regarding the fight between Richter and Brock that might have supported the reading of these instructions. However, it may be sound trial strategy to avoid requesting an instruction on a lesser included offense if that instruction would be inconsistent with the chosen defense theory of the case. See *People v Blevins*, 314 Mich App 339, 351-352; 886 NW2d 456 (2016). The defense in this case was that Brock did not enter Richter's home without permission or unlawfully, making him innocent of any charge that included entry. The cited lesser included offense instructions are contrary to that defense theory. Accordingly, counsel made a reasonable strategic decision not to request those instructions. Counsel is not effective simply because his trial strategy is ultimately unsuccessful. *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008). Brock has not established that he is entitled to relief on this ground.

-4-

## III. SENTENCING

Brock challenged the trial court's scoring of OVs 1, 2, and 9 below and revives those arguments on appeal. He also contends that his within-guidelines home invasion sentence is disproportionate and unreasonable. We review a trial court's scoring decisions for clear error and must ensure that a preponderance of the evidence supports the score. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when [this Court is] left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

The trial court assessed 10 points for OV 1 (aggravated use of a weapon). Ten points must be assessed if "[t]he victim was touched by any other type of weapon," meaning something other than a gun, knife, or harmful chemical substance. MCL 777.31(1)(d). An "offender's bare hands" do not qualify as a weapon. *People v Hutcheson*, 308 Mich App 10, 15; 965 NW2d 44 (2014). At trial, Richter testified that he believed Brock used brass knuckles during the assault. This was based on the indentations left on his head by the blows and that fact that bare-knuckled punches would not have caused such a severe injury. Wilson also indicated that she believed some sort of weapon other than bare fists was used. Brock's presentence investigation report (PSIR) recounted that Wilson told the police that Brock obtained metallic knuckles from his roommate prior to driving to Richter's house and that Brock wore the metallic knuckles during the assault. This evidence was sufficient to support the trial court's assessment of 10 points for OV 1.

The court assessed one point for OV 2 (lethal potential of the weapon used or possessed), reflecting that "[t]he offender possessed or used any other potentially lethal weapon." MCL 777.32(1)(e). This score was also based on Brock's use of brass knuckles and is similarly supported by the record.

Finally, the court assessed 10 points for OV 9 (number of victims). Ten points is appropriate when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death." MCL 777.39(1)(c). During Brock's home invasion he committed assault. Richter clearly was a victim of that assault. However, Wilson, too, was a victim. Wilson was in close proximity to the fray and tried to break up the fight. Richter struck Wilson in the face, chipping her tooth. Therefore, Wilson was a victim for purposes of OV 9.

The trial court committed no scoring errors and his placement on the legislative sentencing grid for his offenses remains unchanged. Brock's guidelines range for the greater home invasion offense was 99 to 320 months. The court sentenced Brock at the low end of that range—a minimum sentence of 100 months' imprisonment.

A within-guidelines sentence is presumptively proportionate. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). As the sentences imposed are within the appropriate guidelines ranges and Brock has failed to establish any scoring errors or identify any inaccurate information relied upon by the court, we must affirm his sentences. MCL 769.34(10). See *People v Schrauben*, 314 Mich App 181, 196, 196 n 1; 886 NW2d 173 (2016).

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado