*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER ANDREW CANALES,

Defendant-Appellant.

UNPUBLISHED
May 14, 2026
9:36 AM

No. 374070
Wayne Circuit Court
LC No. 19-002316-01-FC

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant previously appealed his conviction and sentence for various offenses including torture and assault. This Court affirmed defendant's convictions but remanded the case for resentencing because mistakes in defendant's presentence investigation report (PSIR) resulted in errors in defendant's sentencing. *People v Canales*, unpublished per curiam opinion of the Court of Appeals, issued July 22, 2021 (Docket No. 350536), p 14. Defendant was resentenced in the trial court and now appeals again, arguing that his sentencing guidelines were incorrectly scored and that the trial court abused its discretion. Although the trial court's error in scoring offense variable (OV) 4 does not affect defendant's sentencing-guidelines range, we vacate defendant's sentence and remand for a second resentencing because the trial court failed to exercise its own discretion when it resentenced defendant.

## I. BACKGROUND

A jury convicted defendant of torture, MCL 750.85; unarmed robbery, MCL 750.530; unlawful imprisonment, MCL 750.349b; assault with intent to do great bodily harm (AWIGBH), MCL 750.84; felonious assault, MCL 750.82; and assault or assault and battery (assault and battery), MCL 750.81. The victim testified at trial about the attack by defendant and another offender, often referring to the two offenders as a collective.[1] When it came to defendant specifically, the victim testified that he recognized defendant but not the other offender and

---

[1] For a more complete history of the underlying facts of this case, see *Canales*, unpub op at 2-6.

defendant began beating the victim with a stick before the other offender joined. According to the victim, defendant told the victim that he was not leaving until defendant received money and that if the victim did not remain quiet, defendant was going to kill him.

When the trial court originally sentenced defendant, the trial court scored OV 14 at 10 points and scored OV 4 at 10 points at the prosecutor's request, thereby rejecting defendant's argument that there was a lack of testimony of psychological injury. Defendant appealed his convictions and sentence, and this Court affirmed the convictions but remanded the case for resentencing based on an error in the PSIR and ineffective assistance of counsel for failure to address this error. *Canales*, unpub op at 1. Defendant's PSIR incorrectly stated that all of his felony convictions were subject to 25-year mandatory-minimum sentences under MCL 769.12(1)(a), so this Court directed the trial court "to correct the PSIR and to resentence defendant under the correct and applicable statutes." *Id.* at 12-14.

On remand, the trial court, with a different judge than the one who originally sentenced defendant, corrected the PSIR with the parties and resentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent terms of 50 to 75 years' imprisonment for the torture conviction, 15 to 30 years' imprisonment for the unarmed-robbery conviction, 15 to 30 years' imprisonment for the unlawful-imprisonment conviction, 25 to 37 years' imprisonment for the AWIGBH conviction, 5 to 15 years' imprisonment for the felonious-assault conviction, and 93 days in jail for the assault-and-battery conviction. After correcting the PSIR, the trial court asked the parties whether they had any issues with the scoring of the offense variables contained in the PSIR. Defendant raised his objections to several of the offense variables and the trial court responded that it was going to "respect" the previous judge's scoring and scored the offense variables at 115 points in total. Specifically, defendant argued that there was nothing in the victim's testimony or the PSIR that indicated that the victim suffered any sort of psychological injury; although the trial court noted defendant's objection, the trial court left the previous judge's scoring of OV 4 at 10 points. When the trial court sentenced defendant on his torture conviction, the trial court stated that it was "going to respect the sentence of [the previous judge] and sentence the defendant to a minimum of 50 years, a maximum of 75 years."

Defendant now appeals for a second time.

## II. ANALYSIS

### A. SENTENCING GUIDELINES SCORING

On appeal, defendant argues that the trial court erred when it assessed OV 4 and OV 14. We review for clear error the trial court's findings of fact, which must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). The trial court committed clear error if we are "left with the definite and firm conviction that a mistake has been made." *People v Davis*, 509 Mich 52, 68; 983 NW2d 325 (2022). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hutcheson*, 308 Mich App 10, 13; 865 NW2d 44 (2014). "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012).

OV 4 is scored at 10 points if the victim suffered a "serious psychological injury requiring professional treatment." MCL 777.34(1)(a). Possible psychological effects include "personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). Although the victim is not required to have previously sought treatment, MCL 777.34(2), "a court cannot merely assume that a victim has suffered a 'serious psychological injury' solely because of the characteristics of the crime," *People v White*, 501 Mich 160, 164-165; 905 NW2d 228 (2017).

Both parties agree in their briefing on appeal that the trial court erred in its assessment of OV 4. The record includes no testimony that describes serious psychological injury incurred by the victim. The prosecutor on appeal claims that victim testified during the preliminary examination that he was afraid during the attack but even the prosecutor acknowledges that this alone is insufficient to find serious psychological injury. See *id*. ("While crime victims are often obviously, and understandably, frightened when a crime is being perpetrated, this fear does not necessarily result in a 'serious psychological injury.'"). The factual finding of the trial court relating to OV 4 is not supported by a preponderance of the evidence. OV 4 should have been scored at 0 points based on a lack of evidence of a serious psychological injury, and the trial court erred by scoring it at 10 points.

In addition to OV 4, defendant on appeal argues that the trial court incorrectly scored OV 14. OV 14 is scored at 10 points if, when considering the entire criminal transaction, defendant "was a leader in a multiple offender situation." MCL 777.44. When scoring OV 14, "a trial court should consider whether the defendant acted first or gave directions or was otherwise a primary causal or coordinating agent." *People v Dickinson*, 321 Mich App 1, 22; 909 NW2d 24 (2017) (cleaned up). If there were only two offenders involved in the situation, then only one may be considered the leader. *People v Baskerville*, 333 Mich App 276, 300; 963 NW2d 620 (2020).

The trial court did not clearly err when it found that defendant played a leadership role in the offenses. The victim testified that defendant was the offender who made threats toward the victim and the first offender to beat the victim with a stick. Further, because the victim knew defendant before the attack, it was not unreasonable to infer that defendant caused the initial contact with the victim. Because there was evidence that defendant guided or initiated the attack on the victim, including escalating the situation with a stick and threats, it was not clear error for the trial court to score OV 14 at 10 points. See *People v Rhodes*, 305 Mich App 85, 90-91; 849 NW2d 417 (2014).

## B. ABUSE OF DISCRETION

In addition to guidelines scoring, defendant on appeal argues that the trial court failed to exercise its own judgment when resentencing defendant. We review this claim for an abuse of discretion. *People v Babcock*, 469 Mich 247, 268-270; 666 NW2d 231 (2003). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). We review de novo whether the trial court followed this Court's ruling on remand. *People v Lampe*, 327 Mich App 104, 111; 933 NW2d 314 (2019).

By vacating and remanding for resentencing "without any specific instructions or any prohibitions on scoring OVs, this Court returned the case to the trial court in a presentence posture, allowing the trial court to consider every aspect of defendant's sentences de novo." *Id.* at 112. With a de novo resentencing, the trial court is "to make the sentencing decision anew, without any respect for the prior (now invalid) sentence." *People v Odom*, 327 Mich App 297, 307; 933 NW2d 719 (2019). The trial court's failure to exercise its discretion when it has an affirmative obligation to do so is an abuse of that discretion. *People v Stafford*, 434 Mich 125, 134 n 4; 450 NW2d 559 (1990). For example, the trial court abuses its discretion if it defers to the judgment of a prior court to such an extent that it was "not engaging in its own analysis and . . . not making its own independent determination on the issue." *People v Grant*, 329 Mich App 626, 638; 944 NW2d 172 (2019).

Here, the record confirms that the trial court did not use its own discretion when it resentenced defendant. When responding to several of defendant's arguments, including the erroneously scored OV 4, the trial court stated that it was respecting the previous judge's decisions on the issues without referring to any evidence, analyses, or consideration of the arguments. The same sentiment was repeated when the trial court rendered the new sentence for the torture conviction: "the court is going to respect the sentence of [the previous judge] and sentence the defendant to a minimum of 50 years, a maximum of 75 years."

Although it may not be necessary for the trial court to state explicitly all of its findings when sentencing, see *People v Posey (On Remand)*, 349 Mich App 199, 207; 27 NW3d 137 (2023), the trial court "must justify the sentence imposed in order to facilitate appellate review," *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). By simply deferring in large part to the prior judge's sentencing decisions, the trial court did not exercise its own discretion, nor did the trial court provide sufficient explanation for our review on appeal.

Given the error in scoring OV 4 and the trial court's abuse of discretion in deferring to the prior judge, we vacate defendant's sentences and remand for resentencing. On remand, the prosecutor is free to argue for the same or similar sentences as those now vacated, and we offer no opinion on the appropriateness of those sentences, given the characteristics of this offender and these offenses.

Vacated and remanded. We do not retain jurisdiction.

/s/ Mariam S. Bazzi
/s/ Brock A. Swartzle